Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
TERRELL MARSHALL DAUDT
 & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

FILED
13 OCT 16 PM 12: 47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

SHAHAR LUSHE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VERENGO, INC. d/b/a VERENGO SOLAR,

Defendant.

NO. CV13-7632 AB (PJWx)

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**

**DEMAND FOR JURY TRIAL**

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 15 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. INTRODUCTION

1.1 Plaintiff Shahar Lushe, individually and as a class representative for all persons in the United States who received a call on their cellular telephones from Defendant with a prerecorded message, initiated by or on behalf of Defendant marketing Defendant's product and services brings this action against

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 1

Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## II. PARTIES

2.1 Plaintiff Shahar Lushe ("Plaintiff") is an individual citizen and resident of the State of California.

2.2 Defendant Verengo, Inc. ("Verengo" or "Defendant"), is a Delaware corporation that maintains its principal place of business at 20285 South Western Avenue, Suite 200, Torrance, California, 90501. Verengo is a privately-held company whose principal activity is installing residential solar equipment. Verengo is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.3 Defendants JOHN and JANE DOES or JOHN DOE ENTITIES 1 through 10, whose true names are unknown, are individuals, corporations, limited liability companies, or other business entities who have acted in concert with Defendant in doing the things herein alleged, and/or have used other Defendant herein as mere alter egos or agents in doing the things alleged herein.

## III. JURISDICTION AND VENUE

3.1 This court has subject matter jurisdiction under 28 U.S.C § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), which is a federal statute.

3.2 This Court has personal jurisdiction over Defendant because it does business in California and many of the wrongful acts alleged in the Complaint were committed in California.

3.3 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1 In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2 The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . cellular telephone service." See 47 U.S.C. §§ 227(b)(1)(A) & 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

## V. FACTUAL ALLEGATIONS

5.1 Defendant Verengo, Inc., d/b/a Verengo Solar, provides sales and installation of solar products to residential homes in California, New Jersey and New York.

5.2 On information and belief, part of Defendant's strategy for increasing the volume of its customers involves using pre-recorded telephone calls to solicit business. Defendant engages in telemarketing from its call center using an automatic telephone dialing system, and using artificial or prerecorded voice messages, to contact potential customers who have not consented to receive telephone calls on their cellular telephones. Defendant uses such equipment to call thousands of individuals per day in the United States.

5.3 On July 30, 2013, Plaintiff received a call on his cellular telephone. The call consisted of a pre-recorded message delivered by an automatic telephone dialing system ("ATDS").

5.4 The pre-recorded message stated that it could help reduce Plaintiff's home electricity bill if he is a homeowner that pays more than $100 per month.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 3

The pre-recorded message urged Plaintiff to press one for more information or press three to be removed from the list. On information and belief, this call was made by, or on behalf of, Verengo, Inc.

5.5   Plaintiff's cellular telephone has been on the national Do-Not-Call Registry since March 5, 2012.

5.6   Defendant's July 30, 2013 call to Plaintiff's cellular telephone was made for the purpose of commercial solicitation. In receiving the ATDS call and listening to the pre-recorded message, Plaintiff understood that the call was for the purpose of commercial solicitation.

5.7   Defendant is responsible for making the above-described ATDS call to Plaintiff. Plaintiff did not provide prior consent, express or implied, to the receipt of ATDS solicitation calls from Defendant. In addition, as of September 2013, Plaintiff did not have an "established business relationship" with Defendant.

5.8   Upon information and belief, Defendant placed a large number of substantially similar telephone calls to the telephones of persons in California, including persons in Los Angeles County, and to persons in other states.

5.9   Upon information and belief, Defendant intends to continue to make ATDS solicitation calls to the telephones of persons in California and other states.

## VI. CLASS ACTION ALLEGATIONS

6.1   Class Definition. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> National Class: All persons in the United States who received a call on their cellular telephone line with a prerecorded message, initiated by or on behalf of Defendant, marketing Defendant's product and services, and without the recipient's prior express consent at any

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 4

time that begins four years from the date of this complaint to trial.

National Do-Not-Call Subclass: All persons in the United States who received two or more telephone calls marketing Defendant's products or services initiated by or on behalf of Defendant's, or their agents or affiliates, in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry, at any time for the period that begins 4 years from the date of the complaint to trial.

Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in a Defendant, Defendant's employees or agents, legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

    6.2    Numerosity. Upon information and belief, Defendant has made ATDS robocalls similar to that received by Plaintiff to numerous other Class members without their prior consent. The Class members number in the thousands, such that joinder of all members is impracticable. The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

    6.3    Adequacy. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff, nor his counsel, has any interest adverse to those of the other members of the Class or each other.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 5

6.4 <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controvery. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

6.5 <u>Typicality</u>. Plaintiff's claims are typical of the claims of Class Members. Plaintiff's claims, like the claims of Class Members, arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

6.6 <u>Commonality</u>. There are numerous questions of law and fact common to the claims of Plaintiff and Class Members. These common questions of law and fact, include but are not limited to, the following:

a. Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(b)(1)(A) or 46 CFR § 64.1200;

b. Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C.§ 227(b)(1)(A), thus entitling Plaintiff and the National Class to treble damages;

c. Whether Defendant is liable for prerecorded calls marketing Defendant's products and/or services made by Defendant's affiliates, agents and/or other persons or entities acting on Defendant's behalf; and

d. Whether Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 6

6.7  **Predominance.** Defendant has engaged in a common course of conduct toward Plaintiff and Class Members. The common issues arising from this conduct that affect Plaintiff and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

## VII. FIRST CLAIM FOR RELIEF
### (Violations of 47 U.S.C. § 227(b)(1)(B) on behalf of Plaintiff and members of the National Class)

7.1  Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

7.2  The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

7.3  As a result of Defendant's and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4  As a result of Defendant's and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

7.5  Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or their agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## VIII. SECOND CLAIM FOR RELIEF
### (Violation of 47 C.F.R. § 64.1200(c)(2) on Behalf of Plaintiff and members of the National Do-Not-Call Subclass)

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 7

8.1   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

8.2   The foregoing acts and omissions of Defendant and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 C.F.R. § 64.1200(c)(2), including for making two or more telephone calls in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry.

8.3   As a result of Defendant's and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf's negligent and/or willful violations of the TCPA, 47 C.F.R. § 64.1200 (c)(2), Plaintiff and members of the National Do-Not-Call Subclass are entitled to an award of $500 in statutory damages for each and every negligent telephone call in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5)(B) and treble damages of up to $1,500 for each and every knowing and/or willful telephone call in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

8.4   Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(c)(5), in the future.

## IX. RELIEF REQUESTED

Plaintiff requests the Court enter judgment against Defendant as follows:

A.   Declare that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA

B.   An order certifying the Class as defined above;

C.   An award of actual and statutory damages;

D.   An injunction requiring Defendant to refrain from engaging in the unlawful conduct set forth herein;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 8

E. An award of reasonable attorneys' fees and costs; and

F. Such further and other relief as the Court deems reasonable and just.

## X. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

RESPECTFULLY SUBMITTED AND DATED this 11th day of October, 2013.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By: _____
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Audrey B. Collins_____ and the assigned Magistrate Judge is _____Ralph Zarefsky_____ .

The case number on all documents filed with the Court should read as follows:

**2:13CV7632 ABC RZx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 16, 2013                           By  J.Prado
      Date                                     Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )
SHAHAR LUSHE

## DEFENDANTS ( Check box if you are representing yourself ☐ )
VERENGO, INC. d/b/a VERENGO SOLAR

### (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
See Attached

### (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
CLASS ACTION under F.R.Cv.P. 23: ☒ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227: Violation of Telephone Consumer Protection Act

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-7632**

CV-71 (09/13)     CIVIL COVER SHEET     Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   **DATE:** October 10, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

*Shahar Lushe v. Verengo, Inc. d/b/a Verengo Solar*

## ATTACHMENT TO CIVIL COVER SHEET

Attorneys for Plaintiff:

    Beth E. Terrell, CSB #178181
    Email: bterrell@tmdwlaw.com
    Michael D. Daudt, CSB #161575
    Email: mdaudt@tmdwlaw.com
    Whitney B. Stark, CSB #234863
    Email: wstark@tmdwlaw.com
    TERRELL MARSHALL DAUDT
      & WILLIE PLLC
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528