UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**Proceedings:**   ORDER **GRANTING** MOTION FOR LEAVE TO AMEND, **CONTINUING** MOTION FOR SUMMARY JUDGMENT, AND **STAYING CASE** PENDING THE MOTION FOR SUMMARY JUDGMENT  (In Chambers)

Pending before the Court is Defendant Verengo, Inc.'s ("Defendant") Motion for Summary Judgment (docket no. 19), and Plaintiff Shahar Lushe's ("Plaintiff") Motion for Leave to File Amended Complaint (docket no. 21).  The parties filed Oppositions and Replies with respect to both Motions.  The Court will address the Motions without oral argument and therefore **VACATES** the hearing set for March 31, 2014.  See Fed. R. Civ. P. 78, Local Rule 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint and **CONTINUES** Defendant's Motion for Summary Judgment.  The Court also **STAYS THE CASE** pending resolution of Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

Plaintiff Shahar Lushe brings this nationwide class action against Defendant for violations of the Telephone Consumer Protection Act of 1991 ("TCPA") which Congress passed to regulate interstate telemarketing practices and curb intrusive abuses of telephone technology.

Plaintiff's initial Complaint asserts two claims.  The first alleges that Defendant violated 47 U.S.C. §§ 227(b)(1)(A) and (b)(1)(B), which prohibit the use of automated telephone equipment and/or an artificial pre-recorded voice to call cellular and residential phones, respectively.  The second claim alleges that Defendant violated 47 C.F.R. § 64.1200(c)(2), which prohibits callers from making two or more telephone calls in a twelve month period to telephone numbers registered on the national Do-Not-Call Registry.  The claims are asserted on behalf of a nationwide Class, and a nationwide Do-Not-Call Subclass, respectively.

Plaintiff's proposed First Amended Complaint ("FAC") breaks the first claim into two claims, defines three nationwide classes, withdraws Lushe's do-not-call claim, adds a new named plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

(William Youngblood) to assert the do-not-call registry claim, and modifies some allegations to conform to evidence obtained in discovery.[1] As a result, the proposed FAC alleges three claims: the first is for violating §§ 227(b)(1)(A), on behalf of Lushe and the nationwide Cellular Class; the second is for violating §§ 227(b)(1)(B), on behalf of Youngblood and the nationwide Residential Class; and the third claim is for violating 47 C.F.R. § 64.1200(c)(2), on behalf of Youngblood and the nationwide Do-Not-Call Subclass.

Although discovery is still in its early stages, Defendant seeks summary judgment, contending that the discovery completed so far conclusively establishes that it cannot be held liable for two reasons. First, Defendant points out that the TCPA imposes liability on persons who make phone calls. Defendant contends that it did not make the calls in issue; rather, a third party contractor, Call to Action ("CTA"), made the telephone calls. As such, Defendant states it cannot be held liable unless the relationship between Defendant and CTA was that of principal and agent. Defendant further contends that the evidence demonstrates that this relationship was not that of principal and agent, so therefore it cannot be held liable. Second, Defendant contends that it is eligible for § 227(c)(5)'s safe harbor protection from liability for do-not-call claims.[2]

The Court will resolve Plaintiff's Motion to Amend first, and Defendant's Motion for Summary Judgment second.

---

[1] Plaintiff filed a proposed First Amended Complaint with his Motion to Amend, and then submitted a *modified* proposed First Amended Complaint with his Reply. See Reiten Reply Decl. Exh. 2 (modified proposed FAC). The version of the proposed FAC submitted with the Reply is the operative proposed FAC. Unfortunately, Plaintiff's briefing does not specifically describe or identify how the proposed FAC differs from the original Complaint, or direct the Court to the modifications proposed in the Reply. Plaintiff only explains the withdrawal of Lushe's claim and the addition of Youngblood, but otherwise unhelpfully states only that the changes are to conform to evidence and/or are in response to Defendant's "requests." See Mot. 2:12-22. A party moving to amend a pleading should thoroughly and specifically explain and locate (with page/line citations) the proposed amendments so the Court does not have to scrutinize the Complaint and proposed FAC just to figure out what the proposed amendments are. The proposed FAC submitted with the Reply does show by redline the modifications to the initial proposed FAC, but again, Plaintiff's briefing should have directed the Court's attention to the specific portions that were modified instead of forcing the Court to page through the document in search of redline markings.

[2] Defendant also moved for judgment on the do-not-call claim because Lushe did not allege that he received two calls. In his Motion for Leave to Amend, Plaintiff concedes this point by withdrawing that claim on Lushe's behalf. With a minimum of pre-filing analysis – something any litigant should do before asserting any position in court – Plaintiff's counsel could have avoided asserting this facially invalid claim, forcing Defendant to expend resources to defeat it, and risking their own credibility with the Court. While the Court does not find that counsel's laxity in this regard merits sanctions at this time, counsel is on notice that the Court is not likely to tolerate similar conduct going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

### II.  PLAINTIFF'S MOTION TO AMEND

**A.   Legal Standard**

Under Federal Rule of Civil Procedure 15(a), once the period in which a party may amend a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R Civ. P. 15(a)(2).  Thus, "after a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15: to facilitate decision on the merits rather than on the pleadings or technicalities."  Webb, 655 F.2d at 979.  The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires.'"  Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted)).

Thus, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  Webb, 655 F.2d at 979 (citing Rosenberg Bros. & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)).  This liberality in granting leave to amend does not depend on whether the amendment will add parties or additional causes of action.  Rather, leave to amend should be granted unless the amendment is unduly delayed, would cause prejudice to the opposing party, is sought in bad faith, or is futile.  Foman v. Davis, 371 U.S. 178, 182 (1962) (stating the Foman factors).

Not all of the factors merit equal weight.  The consideration of prejudice to the opposing party carries the greatest weight.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.1987); Howey, 481 F.2d at 1190 (stating that "the crucial factor is the resulting prejudice to the opposing party").  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

**B.   Discussion**

Having reviewed Plaintiff's proposed First Amended Complaint, see Reiten Reply Decl. Exh. 2, and the parties' papers, the Court concludes that none of the Foman factors is present in this case.  As such, granting leave to amend is appropriate.

First, the Motion is timely, as the deadline for filing motions to amend is April 4, 2014.  There is no significant delay that Plaintiff needs to explain.  Defendant argues that motions to amend filed while a motion for summary judgment is pending are disfavored because that sequence indicates that the proposed amendment is a desperate attempt to stave off imminent dismissal.  While that reasoning may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

be cogent when discovery is nearly over, it does not apply where, as here, the motion for summary judgment was filed early in the case – before the deadline to seek amendment has passed and while much discovery is outstanding.

Second, Defendant has not demonstrated prejudice. Defendant asserts that the amendments will require it to defend against new causes of action, may require it to submit its Rule 30(b)(6) witness to another deposition regarding the new plaintiff, and may require modification of the scheduling order. These consequences either do not amount to cognizable prejudice or are speculative, and are not sufficient to justify denying the motion in any event .

Third, the Court cannot find that Plaintiff is seeking to amend in bad faith. Plaintiff should have agreed immediately and unconditionally to dismiss the admittedly invalid claim (Lushe's do-not-call claim) instead of seemingly using it as a bargaining chip to get Defendant to stipulate to other proposed amendments. However, this conduct is not so egregious that the Court can find it warrants denying the Motion. Defendant also asserts that this lawsuit overall is bought in bad faith in that it invokes an oft-abused consumer protection statute to extract a settlement from a perceived deep pocket for another entity's alleged misconduct, which entity the plaintiff has not even sued. Defendant's points, if true, are not frivolous. However, if Congress has decided that a particular kind of conduct is actionable, the Court is bound by that policy decision. At this stage, the Court's role is to determine whether Plaintiff has pled conduct that Congress has declared to be actionable.

Defendant also argues that the proposed amendments are futile because Plaintiff cannot show that Defendant and CTA were in a principal-agent relationship. Generally, Plaintiff has sufficiently pled agency as a theory of liability. See proposed FAC ¶ 5.9. At present, the Court cannot rule that any particular theory of agency liability is foreclosed.

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED**.

### III.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**A.    Legal Standard**

Summary judgment shall be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Once the moving party satisfies its initial burden, the adverse party must set forth specific facts showing that there is a genuine issue for trial. S. Cal. Gas Co., 336 F.3d at 888 ("[The non-moving party] can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

rational trier of fact to find in its favor.") (citations omitted).

Both the moving party and the adverse party must support their factual positions by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot product admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

**B.     Discussion**

    **1.     The Court CONTINUES the Motion for Summary Judgment Under Fed. R. Civ. P. 56(d).**

Having reviewed the parties' papers, the Court hereby continues the Motion under Fed. R. Civ. P. 56(d) to allow Plaintiff to conduct additional discovery concerning whether Defendant was in a principal-agent relationship with CTA and MOV-Solar, the telemarketer who called Youngblood. Because the agency issue may be dispositive, the Court will order the discovery on this narrow issue to be expedited, and will stay all other discovery and all other proceedings.

Notwithstanding the need for additional discovery, it is appropriate for the Court to briefly address some of legal issues the parties raise.

Congress has delegated power to the Federal Communications Commission ("FCC") to interpret and implement the TCPA. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952-53 (9th Cir. 2009). The FCC has declared that "while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network, LLC, et al., 28 F.C.C. Rcd. 6574, 6574 (2013). The FCC further explained that "[p]otential liability under general agency-related principles extend beyond classical agency" to include liability based upon apparent authority and ratification. Id. at 6587.

Plaintiff contends that Defendant is liable under all three agency theories. The parties disagree about the law governing apparent authority and ratification. The Court will partially address these disputes now in order to ensure that the scope of the parties' agency-related discovery is appropriate and to narrow the issues for further briefing.

"Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity, 124 F.3d 1094, 1099 (9th Cir. 1997). Plaintiff appears to contend that the putative agent's conduct alone can be enough to cause the third party to reasonably believe that the putative agent is acting on the putative principal's behalf. This is incorrect. "[T]he ostensible authority of an agent cannot be based solely upon the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

agent's conduct." C.A.R. Tranp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000). Nor, however, is it true "that the principal must make explicit representations regarding the agent's authority to the third party before ostensible authority can be found." Id. Indirect communication with the third party or the putative principal's conduct in conformance with standard industry practice may create apparent agency. In Darden, the Ninth Circuit provided several examples of how apparent authority may be proven: "through evidence of the principal transacting business solely through the agent, . . . the principal knowing that the agent holds himself out as clothed with certain authority but remaining silent, . . . the principal's representations to the public in general, . . . and the customs and usages of the particular trade in question." Id. (quotation marks and citations omitted). Each of these situations requires the putative principal *to do something* that could reasonably *cause* a third party to believe there is an agency relationship. In the Restatement's words, the third party's belief must not only be reasonable, but also "traceable" to the principal's manifestations. See Restatement (Third) of Agency § 2.03 (2006).

The parties also disagree about whether ratification presupposes an existing agency relationship, or can itself create an agency relationship where one previously did not exist. Simply stated, the Ninth Circuit has held that "a principal agent relationship is . . . a requisite [to ratification], and ratification can have no meaning without it." Batzel v. Smith, 333 F.3d 1018, 1036 (9th Cir. 2008). Plaintiff points to the Restatement (Third) of Agency to argue that ratification can create an agency relationship, but Plaintiff's citation to the Restatement is incomplete and misleading. The Restatement notes that "*in most jurisdictions*, ratification may create a relationship of agency where none existed." Restatement (Third) of Agency § 4.01 cmt. b (emphasis added). However, even in those jurisdictions, "[i]t is necessary that the actor *have acted or purported to act* on behalf of the ratifier." Id. (emphasis added). Whatever room for argument there may be in the Restatement discussion is not present in Ninth Circuit precedent. It is well-settled in the Ninth Circuit that ratification presumes an existing agency relationship.

### 2. Defendant Has Not Established the Safe Harbor Defense Against Youngblood's Do-Not-Call Claim.

Defendant also argues that it is not liable for the do-not-call violations because it is eligible for the safe harbor established by § 227(c)(5). That section states that "[i]t shall be an affirmative defense [against a do-not-call violation] that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). Defendant contends that its relationship with CTA demonstrates that it has satisfied these conditions.

As presented, this argument is directed at Lushe's do-not-call claim as alleged in the original Complaint. Because the Court is granting Plaintiff leave to amend, only Youngblood is pursuing a do-not-call claim. As such, Defendant's argument and evidence are no longer on point because Youngblood was called not by CTA but by a different telemarketer, MOV-Solar. As such, the Court **DENIES** this aspect of the Motion without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7632 ABC (RZx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | Shahar Lushe v. Verengo, Inc. | | |

### IV.  CONCLUSION

Plaintiff's Motion to for Leave to File Amended Complaint is hereby **GRANTED**.

The Court hereby **CONTINUES** Defendant's Motion for Summary Judgment so that Plaintiff may conduct additional discovery concerning Defendant's relationships with CTA and MOV-Solar. This additional discovery shall be conducted on an expedited basis.

The parties are **ORDERED** to meet and confer and file a **stipulation within seven days of the issuance of this order** (1) stating the specific discovery Plaintiff needs, as authorized by this order, (2) proposing an expedited schedule by which this additional discovery will be completed, and (3) proposing a briefing schedule for additional briefing.  The Court presumes that the additional briefing will consist of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and Defendant's Reply.

The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment insofar as it is based on the safe harbor defense.

Except for the above-described expedited discovery concerning agency and additional briefing on the Motion for Summary Judgment, the case – including all other discovery and all other proceedings – is hereby **STAYED** pending the resolution of Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                                                                                :
                                                        Initials of Preparer    AB