1  BLANK ROME LLP
   Joshua Briones (SBN 205293)
2  JBriones@BlankRome.com
   Ana Tagvoryan (SBN 246536)
3  ATagvoryan@BlankRome.com
   2029 Century Park East, 6th Floor
4  Los Angeles, CA  90067
   Telephone:  424.239.3400
5  Facsimile:   424.239.3434

6  Attorneys for Defendant
   VERENGO, INC.
7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11

12 SHAHAR LUSHE and WILLIAM              Case No. 2:13-cv-07632-ABC-RZ
   YOUNGBLOOD, individually and on behalf
13 of others similarly situated,         NOTICE OF RECENT RULING
                                         SUBMITTED IN SUPPORT OF
14                    Plaintiffs,        DEFENDANT'S MOTION FOR
                                         SUMMARY JUDGMENT
15        vs.
                                         Judge:    Honorable Audrey B. Collins
16 VERENGO, INC. d/b/a VERENGO SOLAR,
                                         Complaint Filed:   October 16, 2013
17                    Defendant.         Trial Set:         None Set

18

19

20

21

22

23

24

25

26

27

28

143693.00601/95204220v.1

Defendant Verengo, Inc., in further support of its Motion for Summary Judgment ("Motion") [Dkt. Nos. 42 & 19], submits the following ruling, *Thomas v. Taco Bell Corp.*, No. 12-56458, D.C. No. SACV 09-01097-CJC, 2014 WL 2959160 (9th Cir. July 2, 2014), which the United States Court of Appeals for the Ninth Circuit issued after the close of briefing on Verengo's Motion.  The Ninth Circuit affirmed the decision in *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. June 25, 2012) (Carney, J.), which Defendant relies on in the Motion.  Consistent with Verengo's arguments in the Motion, the Ninth Circuit held that plaintiffs must adduce evidence that the purported principal had the right to control "the manner and means" of the marketing conduct over which the plaintiff has sued.  Thus, the Ninth Circuit affirmed the standard applied by the district court in *Thomas*, finding that a plaintiff must demonstrate that the corporate defendant "controlled the actions of the [telemarketer] with respect to the campaign" and that ratification alone would not establish liability without a showing of an agency relationship.  A copy of the opinion is attached hereto as Exhibit A.

DATED:  July 16, 2014          BLANK ROME LLP


By: _____
JOSHUA BRIONES
ANA TAGVORYAN
Attorneys for Defendant
VERENGO, INC.

# EXHIBIT A

FILED

**NOT FOR PUBLICATION**

JUL 02 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACIE THOMAS,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>TACO BELL CORP.,<br><br>          Defendant - Appellee. | No. 12-56458<br><br>D.C. No. SACV 09-01097-CJC<br>(Anx)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 6, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District
Judge.[**]

Tracie Thomas ("Thomas") appeals from the dismissal of her complaint against

Taco Bell Corp. arising out of a brief text message she received advertising a Taco

Bell product.   The complaint alleged that this message violated the Telephone

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Consumer Protection Act ("TCPA"), which provides that "[i]t shall be unlawful for any person . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The text message at issue was sent as part of a promotion conducted by the Chicago Area Taco Bell Local Owners Advertising Association (the "Chicago Association"), a corporation comprised of Taco Bell store operators in the Chicago area.  The Chicago Association consisted of twelve members, one of which was Taco Bell Corp., representing approximately 160 Taco Bell restaurants.  In 2005, the Chicago Association and its advertising agency, ESW Partners, LLC ("ESW"), sponsored a local sweepstakes promotion for the Nachos Bell Grande product.  As part of that promotion, ESW hired ipsh!net, Inc. ("Ipsh"), which administered and sent the text message at issue.

There are two potential theories of liability:  (1) direct liability; and (2) vicarious liability.  After reviewing the record, we agree with the district court that "[d]irect liability is inapplicable here as the parties do not dispute that the actual sender of the text was Ipsh, a separate provider of text-message based services retained by ESW." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012).  Nevertheless, the district judge properly concluded vicarious liability can provide the basis for liability for a TCPA violation.  *See Meyer v. Holley*, 537 U.S.

280, 285 (2003). Indeed, in a recent declaratory ruling, the FCC expressly agreed with the district judge in this case that the "TCPA contemplates that a seller may be vicariously liable under agency principles for violations of section 227(b) notwithstanding the absence of 'on behalf of' liability available for do-not-call violations under section 227(c)." *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6590 n.124 (2013).

While the district judge here concluded that vicarious liability could constitute a basis for holding a party liable for a section 227(b) violation, he held that the evidence was insufficient to establish that Taco Bell Corp. was liable under those principles. Specifically, the district judge held that "[t]o succeed on this vicarious liability theory, Ms. Thomas must demonstrate that these entities [the Chicago Association, ESW, and Ipsh] acted as . . . agent[s] of Taco Bell: that Taco Bell controlled or had the right to control them and, more specifically, the manner and means of the text message campaign they conducted." *Thomas*, 879 F. Supp. 2d at 1084 (citing *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010)). After analyzing the evidence under this standard, the district judge observed that "[a]ll of [the] control over the manner and means of the text message campaign was exercised by the [Chicago] Association, ESW, and Ipsh, and Ms. Thomas has not presented any

3

evidence . . . demonstrating that Taco Bell [Corp.] controlled the actions of these entities with respect to the campaign." *Id.* at 1085.

While we agree with the district judge's analysis of the evidence under the standard he applied, the FCC observed in its declaratory ruling, to which we have alluded earlier, that it does "not believe it is appropriate to limit vicarious liability to the circumstances of classical agency (involving actual seller, or right to control, of the telemarketing call) . . . . Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of section 227(b)." *In re DISH Network, LLC*, 28 F.C.C. Rcd. at 6590 n.124.

On the assumption that principles of apparent authority and ratification may provide a basis for vicarious liability, we hold that Taco Bell Corp. cannot be held liable on either theory.  Apparent authority is inapplicable because it can only "be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied." *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997); Restatement (Second) of Agency § 265 cmt. *a* (1958) ("Apparent authority exists only as to those to whom the principal has manifested that an agent is authorized.  There is, therefore, tort liability only if such a manifestation and its execution by the apparent agent results in harm." (internal citations omitted)).  Thomas has not shown that she reasonably relied, much less to

4

her detriment, on any apparent authority with which Taco Bell Corp. allegedly cloaked the Chicago Association, ESW, or Ipsh.

Nor did Taco Bell Corp. ratify the text message. "Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003) (footnote omitted). As explained above, neither the Chicago Association, nor ESW or Ipsh, were agents of Taco Bell Corp.

**AFFIRMED.**