1  BLANK ROME LLP
   Joshua Briones (SBN 205293)
2  JBriones@BlankRome.com
   Ana Tagvoryan (SBN 246536)
3  ATagvoryan@BlankRome.com
   Esteban Morales (SBN 273948)
4  EMorales@BlankRome.com
   2029 Century Park East, 6th Floor
5  Los Angeles, CA  90067
   Telephone:  424.239.3400
6  Facsimile:  424.239.3434

7  Attorneys for Defendant
   VERENGO INC.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                LOS ANGELES DIVISION

12

13  SHAHAR LUSHE and WILLIAM          Case No. 2:13-cv-07632-ABC-RZ
    YOUNGBLOOD, individually and on behalf
14  of others similarly situated,         DEFENDANT'S NOTICE OF
                                          MOTION AND MOTION
15                      Plaintiffs,       SEEKING PERMISSION FOR AN
                                          INTERLOCUTORY APPEAL OR
16          vs.                           IN THE ALTERNATIVE FOR
                                          RECONSIDERATION
17  VERENGO, INC. d/b/a VERENGO SOLAR,
                                          Date:      January 5, 2015
18                      Defendant.        Time:      10:00 a.m.
                                          Place:     Courtroom 790
19                                        Judge:     Hon. Andre Birotte Jr.

20                                        Complaint Filed: October 16, 2013
                                          Trial Set:       December 8, 2015
21

22

23

24

25

26

27

28

143693.00601/95231003v.1

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR INTERLOCUTORY APPEAL

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, at 10:00 a.m. on January 5, 2015, or as soon thereafter as the matter may be heard in Courtroom 790 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Verengo Inc. ("Verengo") will and hereby does move the Court for an Order certifying the Court's October 22, 2014 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and staying the proceedings in this Court pending the Ninth Circuit's resolution of the Section 1292(b) appeal, on the basis that:

1. The proper scope of a formal agency analysis for purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is an unsettled controlling question of law as to which there are substantial grounds for difference of opinion, resolution of which may materially advance this litigation; and

2. Whether detrimental reliance is an element of an apparent authority analysis under the Telephone Consumer Protection Act is an unsettled controlling question of law as to which there are substantial grounds for difference of opinion, resolution of which may materially advance this litigation.

Alternatively, Verengo moves this Court to reconsider the portion of its October 22, 2014 Order regarding apparent authority, pursuant to Fed. R. Civ. Proc. 60(b)(6) and Central District L.R. 7-18, on the basis that Plaintiffs Shahar Lushe and William Youngblood did not satisfy their burden on Verengo's Motion for Summary Judgment by failing to present any evidence of detrimental reliance.

This Motion is based upon this Notice of Motion and Motion; the concurrently filed Memorandum of Points and Authorities; all pleadings and documents on file in this action; and such other materials or argument as the Court may properly consider prior to deciding this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 26, 2014.

143693.00601/95231003v.1                      1

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR INTERLOCUTORY APPEAL**

1   | DATED:  December 8, 2014          BLANK ROME LLP

2

3

4   | By: /s/ Joshua Briones
    |     Joshua Briones
5   |     Ana Tagvoryan
    |     Esteban Morales
6
    |     Attorneys for Defendant
7   |     VERENGO INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR INTERLOCUTORY APPEAL**

1 | BLANK ROME LLP
Joshua Briones (SBN 205293)
2 | JBriones@BlankRome.com
Ana Tagvoryan (SBN 246536)
3 | ATagvoryan@BlankRome.com
Esteban Morales (SBN 273948)
4 | EMorales@BlankRome.com
2029 Century Park East, 6th Floor
5 | Los Angeles, CA  90067
Telephone:   424.239.3400
6 | Facsimile:   424.239.3434

7 | Attorneys for Defendant
VERENGO INC.

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **LOS ANGELES DIVISION**

12 |

13 | SHAHAR LUSHE and WILLIAM
YOUNGBLOOD, individually and on behalf
14 | of others similarly situated,

15 |               Plaintiffs,

16 |     vs.

17 | VERENGO, INC. d/b/a VERENGO SOLAR,

18 |               Defendant.

Case No. 2:13-cv-07632-ABC-RZ

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SEEKING PERMISSION FOR AN INTERLOCUTORY APPEAL OR IN THE ALTERNATIVE FOR RECONSIDERATION**

Date:     January 5, 2015
Time:    10:00 a.m.
Place:   Courtroom 790
Judge:  Hon. Andre Birotte Jr.

Complaint Filed:  October 16, 2013
Trial Set:         December 8, 2015

143693.00601/95226675v.6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION. .................................................................................. 1

II.     PROCEDURAL HISTORY AND THE COURT'S OCTOBER 22ND
        ORDER. ............................................................................................... 2

III.    VERENGO RESPECTFULLY REQUESTS THAT THIS COURT
        CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL. .......................... 4

        A.    The Scope of an Agency Analysis and Whether Apparent
              Authority Requires Detrimental Reliance Are Controlling
              Questions. ................................................................................ 4

        B.    Substantial Grounds for Difference of Opinion Exist As to
              Each Controlling Question. ........................................................ 5

              i.    The Proper Scope of a Formal Agency Analysis is
                    Unsettled. ........................................................................ 6

              ii.   This Court's Order Is at Odds with Taco Bell. .................... 8

        C.    Litigation Will Be Materially Advanced by Immediate Review
              of the Court's Order. ................................................................ 10

        D.    The Procedural Posture of this Case Warrants an Appeal. ........ 12

IV.     THE COURT SHOULD STAY THE CASE PENDING APPEAL. .................. 14

V.      ALTERNATIVELY, THIS COURT SHOULD RECONSIDER ITS
        ORDER ON THE ISSUE OF APPARENT AUTHORITY. .......................... 15

VI.     CONCLUSION. ................................................................................... 16

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Big B Auto. Warehouse Distributors, Inc. v. Coop. Computing, Inc.,*
    No. SC 00-2602, 2000 WL 1677948 (N.D. Cal. Nov. 1, 2000)......................8, 9

*Chen v. Allstate Ins. Co.,*
    No. C 13-0685, 2013 WL 3973798 (N.D. Cal. July 31, 2013) ........................14

*Couch v. Telescope, Inc.,*
    611 F.3d 629 (9th Cir. 2010) ...................................................................5

*Gomez v. Campbell-Ewald Co.,*
    No. 13-55486, 2014 WL 4654478 (9th Cir. Sept. 19, 2014)...............................6

*In re Cement Antitrust Litig. (MDL No. 296),*
    673 F.2d 1020 (9th Cir. 1981) ................................................................4, 10, 12

*Knopick v. Downey,*
    963 F. Supp. 2d 378 (M.D. Pa. 2013)......................................................6

*Mais v. Gulf Coast Collection Bureau, Inc.,*
    944 F. Supp. 2d 1226 (S.D. Fla. 2013)....................................................passim

*Palm Beach Golf Center-BOCA, Inc. v. Sarris,*
    981 F. Supp. 2d 1239 (S.D. Fla. 2013)....................................7, 8, 9, 12

*Palm Beach Golf Center-BOCA, Inc. v. Sarris,*
    No. 13-14013, 2014 WL 5471916 (11th Cir. Oct. 30, 2014).............................7

*Porter v. Mabus,*
    No. 1:07-CV-0825, 2014 WL 669778 (E.D. Cal. Feb. 20, 2014)......................4

*Reese v. BP Exploration (Alaska) Inc.,*
    643 F.3d 681 (9th Cir. 2011) ..................................................................5, 10

*Smith v. Massachusetts,*
    543 U.S. 462 (2005)..............................................................................15

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL

*Thomas v. Taco Bell Corp.,*
    12-56458, 2014 WL 2959160 (9th Cir. July 2, 2014) ..........................7, 9, 12, 16
*Thomas v. Taco Bell Corp.,*
    879 F. Supp. 2d 1079 (C.D. Cal. 2012) ........................................................passim
*Weitzner v. Sanofi Pasteur, Inc.,*
    No. 3:11–CV–2198, 2014 WL 1786500 (M.D. Pa. May 5, 2014) .....................14
*Yakov v. Act, Inc.,*
    987 F. Supp. 2d 124 (D. Mass. 2013) ................................................................14

STATUTES

12 U.S.C. § 1292 ...................................................................................................4

28 U.S.C. § 1292(b) ...........................................................................4, 10, 14, 15

F.R.C.P. 60(b)(6) .................................................................................................15

Local Rule 7-18(a), *et seq.* ............................................................................15, 16

OTHER AUTHORITIES

Schwarzer, Tashima, et al., Cal. Practice Guide: Federal Civil Procedure Before
    Trial, California & the Ninth Circuit (The Rutter Group 2014) § 2.160.16 ........4

*In the Matter of the Joint Petition Filed by Dish Network, LLC, et al.,*
    28 F.C.C. Rcd. 6574 (2013) ..........................................................................6, 8

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL

# I.    **INTRODUCTION.**

Whether 1) only *actionable conduct* should be considered under a TCPA formal agency analysis and 2) detrimental reliance is an element of apparent authority under the TCPA are unsettled questions in the Ninth Circuit. Accordingly, Verengo respectfully urges this Court to certify its October 22, 2014 Order (Dkt. # 78) pursuant to 28 U.S.C. Section 1292 subsection (b). Each of Section 1292(b)'s requirements are satisfied and – significantly – in the event the Ninth Circuit rules in Verengo's favor this litigation will terminate without the parties engaging in costly merits and class-wide discovery.

The Ninth Circuit has yet to define the contours of an appropriate formal agency analysis while at least two other courts have indicated that vicarious liability under a formal agency theory may only be found where a merchant controlled the "key decisions" creating liability under the TCPA. Moreover, following briefing on Verengo's Motion for Summary Judgment, the Ninth Circuit indicated that apparent authority in the context of the TCPA requires a showing of detrimental reliance. An immediate appeal and answers to both unsettled questions will materially advance the ultimate termination of this litigation. If this Court certifies its Order, Verengo asks that the Court also stay the proceedings pending an appeal so as to avoid potentially unnecessary and significant expenses.

Alternatively, Verengo respectfully urges the Court to reconsider the portion of its October 22nd Order ruling on the issue of apparent authority. As noted, the Ninth Circuit has indicated that detrimental reliance is an element of apparent authority. Though Verengo raised detrimental reliance as a required element in its moving papers, Plaintiffs failed to point to a single piece of evidence indicating that they could prevail on this element and thus failed to meet their burden. The Court, moreover, did not address the issue in its Order and found a triable issue on a separate ground. Consequently, if this Court finds that the law as to apparent authority is settled, Verengo is entitled to summary judgment on this theory of liability.

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL

II.   **PROCEDURAL HISTORY AND THE COURT'S OCTOBER 22ND ORDER.**

On March 21, 2014 this Court granted Plaintiff Shahar Lushe leave to amend the initial Complaint, stayed the case pending resolution of Verengo's initial Motion for Summary Judgment, and permitted the parties to engage in limited discovery. March 21, 2014 Order, Dkt. # 30., Pgs. 1 and 7.  Plaintiffs obtained written and documentary discovery on Verengo's relationship with lead providers MOV-Digital Media and Call to Action and deposed Verengo's Director of Call Center Operations, Justin Padilla, and MOV's co-founder and Chief Innovation Officer, Peter Iveson Norton.

On May 15, 2014, Verengo filed a Motion for Summary Judgment that addressed Plaintiffs' new allegations.  Motion for Summary Judgment, Dkt. #s 42, and 42-1 – 42-9.  In it, Verengo also argued that it could not be vicariously liable under a formal theory of agency, under a theory of apparent authority, or under a theory of ratification for the telemarketing practices of CTA and MOV (which further outsourced calls to ePath Media).  *See* Memo. of Points and Authorities, Dkt. # 42-1, at Pgs. 13 – 23.

On October 22, 2014, this Court issued its Order denying Verengo's Motion for Summary Judgment.  Order, Dkt. # 78.  In its Order, the Court explained that it found triable issues as to whether Verengo, on the one hand, and CTA and MOV, on the other, were in a formal agency relationship.  *Id.* at 6.  The Court also found triable issues as to theories of apparent agency and ratification.[1]  *Id.* at 9.  In analyzing whether there was a triable issue as to formal agency, the Court took into account factors such as review of call scripts used by the third parties, Verengo's receipt of

---

[1] This Court also concluded that Verengo's "Argument that Plaintiffs Cannot Show that the Calls Were Made on Defendant's Behalf is Incompletely Presented," and denied Verengo's Motion on that ground without prejudice.  Order, Dkt. # 78, Pgs. 3 and 9.

1   call recordings, communications regarding scripts and call quality, the sharing of

2   phone lines to transfer calls, and the ability to post lead information onto Verengo's

3   "system." *Id.* at 6 – 7.  This Court recognized, moreover, that the above evidence was

4   "**not overwhelming.**" *Id.* at 7 (emphasis added).

5     As to apparent authority, the Court noted that "the scripts that CTA and MOV

6   used, and that Defendant itself either authored or approved, identified Defendant by

7   name" and that a "jury could reasonably conclude that authorizing CTA and MOV to

8   name Defendant during their phone calls amounts to an affirmative manifestation . . .

9   albeit an indirect one – that could create agency by apparent authority."[2]  Order, Dkt.

10   # 78, Pg. 9.  Although Verengo raised the issue of detrimental reliance in its moving

11   papers, and Plaintiffs responded by arguing that detrimental reliance is not an element,

12   the Court did not address whether detrimental reliance is an element that Plaintiffs

13   must establish to prevail on such a theory and whether there was a triable issue on this

14   ground. *Id.*

15

16

17

18

19

20

21

22

23

24

---

25   [2] In connection with its Motion, Verengo submitted evidence to the contrary – that it
affirmatively asked third parties *not to identify* Verengo by name. *See* Reply Brief,
26   Dkt. # 55, Pg. 16: 17 – 20 (citing Declaration of David Schotz, Ex. A, at § 15;
27   Declaration of Justin Padilla, ¶ 6; Supplemental Declaration of Justin Padilla, ¶ 7, Exs.
A and B, at § 15; Supplemental Declaration of Ana Tagvoryan, Ex. A, at 34: 19 –
28   23.).  This was not cited in the Court's Order.

**MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL**

**III.   VERENGO RESPECTFULLY REQUESTS THAT THIS COURT CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL.**

Pursuant to 12 U.S.C. § 1292, a party may seek an appeal from a district court order which is not otherwise appealable.  Certification under Section 1292(b) is appropriate where a district judge is "of the opinion that [an otherwise nonappealable] order":

    1)  "involves a controlling question of law";

    2)  "as to which there is substantial ground for difference of opinion," and

    3)  "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

*See* 28 U.S.C. § 1292(b).  In deciding whether to allow an interlocutory appeal, this Court may also take into account the procedural posture of the case.  Schwarzer, Tashima, et al., Cal. Practice Guide: Federal Civil Procedure Before Trial, California & the Ninth Circuit (The Rutter Group 2014) § 2.160.16; *see also In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (emphasis added), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).  In the event that this Court certifies its October 22nd Order, the Court of Appeals then has discretion to permit an appeal to be taken from the Order.  *Id.*  Each of the three requirements is satisfied here.

    **A.   The Scope of an Agency Analysis and Whether Apparent Authority Requires Detrimental Reliance Are Controlling Questions.**

"All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal *could materially affect the outcome of litigation* in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (emphasis added). A proper Section 1292(b) appeal is one that involves a legal question, as opposed to one that turns on a genuine issue of fact. *Porter v. Mabus*, No. 1:07-CV-0825, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014).  Two controlling legal questions need resolution:

1) What is the proper test for a formal agency analysis under the TCPA?

2) Does an apparent authority analysis under the TCPA require a showing of detrimental reliance?

If the Ninth Circuit confirms that the test for formal agency under the TCPA is limited to whether a merchant had the right to control, or actual control over, "key decisions" that create liability (*i.e.*, technology used, obtaining consent, and deciding to call parties more than once), Verengo cannot be vicariously liable under a formal agency analysis since it could not control this conduct.  Likewise, if the Ninth Circuit confirms that Plaintiffs must make a showing of detrimental reliance to establish apparent authority, Verengo cannot be vicariously liable under this theory because no evidence of Plaintiffs' detrimental reliance exists.[3]  Resolution of both questions will thus materially affect the outcome of this litigation by ending it.

**B.     Substantial Grounds for Difference of Opinion Exist As to Each Controlling Question.**

Substantial grounds for difference of opinion exist where "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  A party can also show substantial grounds for difference of opinion where controlling law is unclear because "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point."  *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal citations omitted).  *See also Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1251-52 (S.D. Fla. 2013) ("There is substantial ground for difference of opinion when the district court and other courts, and

---

[3] Because a ratification-based theory of vicarious liability presumes an existing agency relationship, if the Ninth Circuit sides with Verengo and Verengo prevails as to each question, Plaintiffs will be foreclosed from pursuing vicarious liability based on ratification. *See* March 21, 2014 Order, Dkt. # 30, Pg. 6 ("Whatever room for argument there may be in the Restatement discussion is not present in Ninth Circuit precedent.  It is well-settled in the Ninth Circuit that ratification presumes an existing agency relationship.").

particularly the court of appeals, are not in complete and unequivocal agreement as to the resolution of the controlling legal question."), *reversed on other grounds by Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014); *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) ("The clearest evidence of 'substantial grounds for difference of opinion' is where there are conflicting interpretations from numerous courts.") (internal quotations omitted).  As discussed below, there is substantial difference of opinion with respect to both legal questions at issue – the scope of the proper test for a formal agency analysis has yet to be resolved and this Court's Order conflicts with authority indicating that detrimental reliance is an element of apparent authority.

### i.    *The Proper Scope of a Formal Agency Analysis is Unsettled.*

The Federal Communications Commission has declared that a merchant "may be held vicariously liable under federal common law principles of agency for violations . . . committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574, 6574 (2013). Recently, the Ninth Circuit confirmed that "a defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 13-55486, 2014 WL 4654478 at *5 (9th Cir. Sept. 19, 2014). Though the FCC and the Ninth Circuit have generally stated that "an agency relationship, as defined by federal common law" can establish vicarious liability, there is no agreement as to the proper test for finding vicarious liability under principles of formal agency.

In its October 22nd Order, and citing the Restatement (Third) of Agency, this Court noted that "to establish classical agency, Plaintiffs must show 'that the party designated as principal has the right to control the party designated as agent.'" Order, Dkt. # 78, Pg. 5.  Citing *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal.

**MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL**

1  2012), this Court added that "[a]s applied to alleged TCPA violations, at least one

2  court has characterized the control necessary to establish agency as being 'control

3  [over or] the right to control . . . the manner and means of the [marketing] campaign

4  [the telemarketer] conducted.'" *Id.*

5        However, whether the standard applied in *Taco Bell*, and its contours, is the

6  appropriate standard to apply when analyzing classical agency in the context of the

7  TCPA is an unsettled question of law.[4]  In contrast to the test applied in *Taco Bell*, at

8  least one other court has described the appropriate test as whether a merchant

9  controlled or had the right to control the "**key decisions creating liability** under the

10  TCPA."[5]  *Mais*, 944 F. Supp. 2d at 1245 (S.D. Fla. 2013) (emphasis added).  *See also*

11  *Palm Beach Golf Center-BOCA, Inc. v. Sarris*, 981 F. Supp. 2d 1239, 1251 – 53 (S.D.

12  Fla. 2013) (in the context of a TCPA claim alleging fax provision violations, because

13  the "TCPA prohibits only faxes of certain context . . . it [was] essential that Plaintiff

14  demonstrate that Defendant controlled the fax content" to show formal agency),

15  *reversed by Palm Beach Golf Ceenter-BOCA, Inc. v. Sarris*, No. 13-14013, 2014 WL

16  5471916 (11th Cir. Oct. 30, 2014) (holding that the District Court was mistaken in

17  determining that a vicarious liability analysis applied to TCPA fax provisions but

18  taking no issue with the District Court's vicarious liability analysis or tests).

19        The difference in analysis between the two tests is significant.  Whereas under

20  the standard articulated in *Taco Bell* a court might choose to consider peripheral

21  factors (such as whether Verengo was provided with call recordings or whether

22  Verengo and third party lead generators used dedicated phone lines for call

23  transferring), the focus of an analysis under the *Mais* test is on the **conduct that is**

---

24  [4] Although the Court of Appeals for the Ninth Circuit affirmed the district court's

25  decision, the Ninth Circuit did so in an unpublished decision which is not precedent

26  pursuant to Circuit Rule 36-3(a).  *Thomas v. Taco Bell Corp.*, 12-56458, 2014 WL
2959160 (9th Cir. July 2, 2014).

27

28  [5] The *Mais* court also described the test as focusing on "the **relevant aspects** of . . .
conduct or procedures."  *Mais*, 944 F. Supp. 2d at 1245 (emphasis added).

**MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL**

*actionable* under the TCPA (*i.e.*, use of an automatic telephone dialing system, the mechanism through which consent was obtained, use of prerecorded messages, and the decision to call a party more than once). Accordingly, in *Mais*, which party made the decision to use a predictive dialer and obtained consent were critical questions on which the court's vicarious liability analysis turned. *Mais*, 944 F. Supp. 2d at 1245. Consistent with this approach, in *Palm Beach* the court noted that the "TCPA prohibits only faxes of certain content – that is, advertisements – from being sent . . . . As a result, in the context of Plaintiff's burden to show that B2B acted on behalf of Defendant for purposes of the alleged TCPA fax violation, it is essential that Plaintiff demonstrate that Defendant controlled the fax content." *Palm Beach Golf Center-BOCA*, 981 F. Supp. 2d at 1251. The court went on to hold that plaintiff was unable to "demonstrate that Defendant controlled the content of the fax allegedly sent by B2B, which is an essential element of its vicarious liability under the TCPA." *Id.* at 1252.

As a result of this Court's opinion and *Taco Bell*, which are at odds with *Mais* and *Palm Beach*, as well as the absence of any controlling Ninth Circuit authority, there exist substantial grounds for difference of opinion as to the proper scope of a formal agency analysis.

### ii.     *This Court's Order Is at Odds with Taco Bell.*

Likewise, there are substantial grounds for difference of opinion as to whether Plaintiffs are required to establish detrimental reliance to prevail on an apparent authority theory of vicarious liability. Although the FCC has clarified that a merchant may be held vicariously liable under an apparent authority theory, apart from noting that "federal common law principles of agency" apply, it has also remained silent on this question. *In the Matter of the Joint Petition Filed by Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574, 6574 (2013). In its Motion for Summary Judgment, Verengo pointed to two federal decisions – *Big B Auto. Warehouse Distributors, Inc. v. Coop. Computing, Inc.*, SC 00-2602, 2000 WL 1677948, at *3 n.7 (N.D. Cal. Nov. 1, 2000)

1   and *Palm Beach Golf Center-BOCA, Inc. v. Sarris*, 981 F. Supp. 2d 1239, 1253 (S.D.

2   Fla. 2013) – indicating that apparent authority requires a showing that Plaintiffs

3   detrimentally relied on the apparent agent.  Memorandum of Points and Authorities,

4   21: 20 – 23 and 23: 4 – 17.  In *Big B Auto. Warehouse*, the Northern District of

5   California noted that ostensible authority, which is similar to the Restatement's

6   doctrine of "apparent authority," requires a showing of "estoppel, *i.e.*, detrimental

7   reliance."  *Big B Auto. Warehouse*, 2000 WL 1677948, at *3 n.7.  In the context of a

8   TCPA vicarious liability analysis, the court in *Palm Beach* stated that "apparent

9   authority, requires proof of three elements: (1) a representation by the purported

10  principal; (2) **reliance on that representation** by a third party; and (3) **a change in**

11  **position by a third party in reliance** upon such a relationship."  *Palm Beach Golf*

12  *Center-BOCA*, 981 F. Supp. 2d at 1253 (internal quotations omitted; emphasis added).

13  Plaintiffs did not respond with any *evidence* to Verengo's arguments.

14          After briefing was completed on Verengo's Motion, but before this Court

15  issued its Order, in an unpublished opinion the Ninth Circuit affirmed the decision in

16  *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (2012).  *See Thomas v. Taco Bell*

17  *Corp.*, 12-56458, 2014 WL 2959160 (9th Cir. July 2, 2014).  In doing so, the Ninth

18  Circuit stated that "[o]n the assumption that principles of apparent authority and

19  ratification may provide a basis for vicarious liability, . . . Taco Bell Corp. cannot be

20  held liable on either theory."  *Id.* at 2.  In its discussion of apparent authority, the

21  Ninth Circuit explained that "[a]pparent authority is inapplicable because it can only

22  be established by proof of something said or done by the alleged principal, on which

23  the plaintiff **reasonably relied** . . . . There is, therefore, tort liability only if such a

24  manifestation and its execution by the apparent agent **results in harm** . . . . **Thomas**

25  **has not shown that she reasonably relied, much less to her detriment**, on any

26  apparent authority with which Taco Bell Corp. allegedly cloaked the Chicago

27  Association, ESW, or Ipsh."  *Id.* (emphasis added).

28

1    Even though Plaintiff failed to point to any evidence whatsoever to establish

2  this element, this Court found there was a triable issue as to apparent authority:

3            "Whether CTA and MOV were Defendant's apparent agents are

4            also triable issues of fact: the scripts that CTA and MOV used, and

5            that Defendant itself either authored or approved, identified

6            Defendant by name.  A jury could reasonably conclude that

7            authorizing CTA and MOV to name Defendant during their phone

8            calls amounts to an affirmative manifestation from Defendant to

9            Plaintiffs – albeit an indirect one – that could create agency by

10           apparent authority."  Order, Dkt. # 78, Pg. 9.

11 The Court did not address the element of detrimental reliance or Plaintiffs' failure to

12 come forth with any supporting evidence.  This is at odds with authority cited by

13 Verengo and the Ninth Circuit's unpublished opinion in *Taco Bell*.  In light of this

14 Court's Order, language in the Restatement (Third) of Agency on which Plaintiffs

15 have relied, the two federal opinions on which Verengo previously relied, and the

16 Ninth Circuit's unpublished *Taco Bell* decision, there exist substantial grounds for

17 difference of opinion.  *See, e.g., Mais*, 944 F. Supp. 2d at 1251-52 ("There is

18 substantial ground for difference of opinion when the district court and other courts,

19 and particularly the court of appeals, are not in complete and unequivocal agreement

20 as to the resolution of the controlling legal question.").

21 **C.    Litigation Will Be Materially Advanced by Immediate Review of the**
22 **        Court's Order.**

23    "[N]either § 1292(b)'s literal text nor controlling precedent requires that the

24 interlocutory appeal have a final, dispositive effect on the litigation, only that it '*may*

25 *materially advance*' the litigation."  *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. §

26 1292(b)) (emphasis added).  Furthermore, interlocutory appeals are allowed where

27 they would avoid protracted and expensive litigation.  *In re Cement*, 673 F.2d at 1026.

28

143693.00601/95226675v.6                    10

1   If this Court grants Verengo's Motion, a favorable ruling on appeal will end this

2   litigation.

3        As discussed above, the first question that Verengo seeks to have certified for

4   interlocutory appeal concerns the appropriate test for a formal agency analysis of

5   vicarious liability.  If the Ninth Circuit determines that the appropriate factors for

6   establishing a principal's control of the "manner and means" of a marketing campaign

7   are those outlined in *Mais*, Verengo cannot be liable.  In ruling on Verengo's Motion

8   for Summary Judgment, this Court took into account factors such as review of scripts

9   used by third parties to make calls, Verengo's receipt of call recordings, the provision

10  of feedback, communications regarding scripts and call quality, the sharing of phone

11  lines to transfer calls, and the ability to post lead information onto Verengo's

12  "system."  Order, Dkt. # 78, Pgs. 6 – 7.  This Court recognized that the above

13  evidence was "**not overwhelming**."  *Id.* at 7 (emphasis added).  Notably, no evidence

14  was cited in the Court's opinion – and none exists – indicating that Verengo had the

15  right to control or actually controlled the "key decisions" that CTA and MOV (or

16  ePath) made which created liability under the TCPA (*i.e.*, use of an automatic

17  telephone dialing system, using prerecorded messages, obtaining consent, and

18  deciding to allegedly call Plaintiff Youngblood twice).[6]  Consequently, an appellate

19  ruling holding that *Mais* outlines the appropriate factors that should be considered in a

20  formal agency analysis would mean that Plaintiff's theory of liability will necessarily

21  fail.

22       Likewise, a determination regarding Plaintiffs' burden to establish detrimental

23  reliance to show apparent authority will also materially advance this litigation.  The

24  _____

25  [6] In its Order, this Court noted that an "MOV script suggests that Defendant was
    aware that MOV was using an automatic dialing system."  Order, Dkt. # 78, Pg. 7.

26  Nonetheless, no evidence exists indicating that Verengo controlled or had the right to
    control use of an automatic telephone dialing system (assuming one was used) by

27  CTA, MOV, or ePath.

28

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL

Ninth Circuit's opinion in *Taco Bell* indicates that a showing of detrimental reliance is required.  Notwithstanding Verengo having briefed the issue in its opening papers, Plaintiffs responded—incorrectly—that they need not show detrimental reliance.[7]

If Plaintiffs are unable to establish vicarious liability via formal agency or apparent authority, a vicarious liability theory based on ratification necessarily fails because ratification assumes the existence of a prior agency relationship.  *See* March 21, 2014 Order, Dkt. # 30, Pg. 6 ("Whatever room for argument there may be in the Restatement discussion is not present in Ninth Circuit precedent.  It is well-settled in the Ninth Circuit that ratification presumes an existing agency relationship.").  Consequently, certification of the Court's October 22nd Order may materially advance the litigation by resulting in its termination.

### D.     The Procedural Posture of this Case Warrants an Appeal.

In deciding whether to allow an interlocutory appeal, appellate courts may also look to the specific procedural facts of the case.  Schwarzer, Tashima, et al., Cal. Practice Guide: Federal Civil Procedure Before Trial, California & the Ninth Circuit (The Rutter Group 2014) § 2.160.16.  *See also In re Cement*, 673 F.2d at 1026 ("[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional circumstances in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").  In its November 14th Order Re Jury Trial, this Court set the trial date for December 8, 2015, and a non-expert discovery cutoff for

---

[7] Critically, Plaintiffs did not point to any evidence indicating that they would be able to satisfy the standard if detrimental reliance was required.  Indeed, they cannot.  *See e.g. Taco Bell*, 2014 WL 2959160, at *2 (summary judgment affirmed where plaintiff who received text messages could not demonstrate that "she reasonably relied, much less to her detriment, on any apparent authority with which Taco Bell Corp. allegedly cloaked" third parties) *and Palm Beach Golf*, 2013 WL 5972173, at *10 (granting summary judgment on TCPA claim as to the issue of apparent authority because it was "impossible" for plaintiff who allegedly received faxes "to show it ever relied on a representation of B2B or that Plaintiff changed its position in reliance on an apparent agency relationship.").

1  August 3, 2015.  Nov. 14, 2014 Order, Dkt. # 86, Pg. 2.  Having focused on issues of

2  vicarious liability, the parties have yet to engage in merits-based or class discovery.

3        Faced with similar procedural circumstances in the context of the TCPA, at

4  least one other court has concluded that interlocutory appeal was proper:

5        "[A]n interlocutory appeal clearly has the potential to 'materially

6        advance' this case towards its conclusion.  This case is ready for

7        class certification briefing.  From a judicial and litigant economy

8        standpoint, however, there is no sense in requiring the parties to

9        move ahead with class certification briefing until the Eleventh

10       Circuit has an opportunity to decide if this Court properly decided

11       summary judgment, because the legal issues decided on summary

12       judgment will likely have implications for class certification.

13       Moreover, if this Court was wrong as to the legal questions at

14       issue, then Gulf Coast will likely be entitled to summary judgment,

15       bringing the entire case to a halt.  An interlocutory decision in this

16       case also has the potential to materially advance future cases and to

17       conserve judicial and party resources involved with the continued

18       litigation of these very issues going forward." *Mais*, 944 F. Supp.

19       2d at 1253.

20  Verengo should not be required to continue to litigate this action for an additional

21  year, and engage in potentially unnecessary and expensive merits-based and class

22  discovery, when there is a significant possibility that this litigation could be

23  terminated much earlier via an interlocutory appeal.

24

25

26

27

28

## IV.   <u>THE COURT SHOULD STAY THE CASE PENDING APPEAL.</u>

Verengo respectfully requests a stay of the proceedings until the Ninth Circuit resolves the appeal. As noted above, this Court recently issued its Order Re Jury Trial in which it set trial for December 2015 and a non-expert discovery cutoff for August 2015. Nov. 14, 2014 Order, Dkt. # 86, Pg. 2. Because discovery, with the exception of discovery on the issue of agency, was previously stayed the parties have not yet expended substantial resources on merits or class-based discovery.

Plaintiffs are already seeking supplemental discovery responses from Verengo to discovery previously issued and have issued several third party subpoenas. Without a stay, Verengo, MOV, CTA, ePath, and Velocify (a third party which licenses software to manage leads) will be required to expend substantial resources responding to written discovery, reviewing and preparing documents for production, traveling to and appearing at depositions, and propounding discovery. The parties will also be required to designate experts, engage in expert discovery, engage in additional motion practice with respect to class certification issues, and possibly participate in ADR proceedings.

This is not trivial and will result in substantial expense. Citing similar concerns, courts certifying orders for interlocutory appeal in the context of the TCPA have granted stays while appeals are pending. *See Mais*, 944 F. Supp. 2d at 1254 ("Because it would waste time and money to require the parties to litigate class certification while the appeal is pending, the Court exercises its discretion to STAY this case."); *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11 – CV – 2198, 2014 WL 1786500, *3 (M.D. Pa. May 5, 2014) ("To avoid wasteful and unnecessary discovery, a stay will be granted."). *See also Chen v. Allstate Ins. Co.*, No. C 13 – 0685, 2013 WL 3973798, *3 (N.D. Cal. July 31, 2013) (in the context of the TCPA, certifying order for § 1292(b) appeal and staying case pending decision by the Ninth Circuit); *Yakov v. Act, Inc.*, 987 F. Supp. 2d 124, 132 (D. Mass. 2013) (in the context of the

1   TCPA, certifying order for § 1292(b) appeal and staying case pending resolution of

2   appeal).

3   **V.   ALTERNATIVELY, THIS COURT SHOULD RECONSIDER ITS**

4   **ORDER ON THE ISSUE OF APPARENT AUTHORITY.**

5   Alternatively, Verengo respectfully requests that this Court reconsider the

6   portion of its October 22nd Order finding a triable issue as to apparent authority.  A

7   "district court has the inherent power to reconsider and modify its interlocutory orders

8   prior to the entry of judgment . . . ." *Smith v. Massachusetts*, 543 U.S. 462, 475

9   (2005).  Federal Rule of Civil Procedure 60(b), moreover, authorizes this Court to

10  "relieve a party . . . from a[n] order" for "any . . . reason that justifies relief."  F.R.C.P.

11  60(b)(6).  Under Local Rule 7-18, a party may move for reconsideration on grounds

12  of:

13          (a) "material difference in fact or law from that presented to the Court before

14              such decision that in the exercise of reasonable diligence could not have

15              been known to the party moving for reconsideration at the time of such

16              decision,"

17          (b) "the emergence of new material facts or a change of law occurring after the

18              time of such decision," or

19          (c) "a manifest showing of a failure to consider material facts presented to the

20              Court before such decision."

21  Reconsideration is proper under L.R. 7-18(a) and (c).

22          In its moving papers, Verengo argued that it could not be held liable under an

23  apparent authority theory because, among other things, apparent authority requires a

24  showing that Plaintiffs detrimentally relied on the apparent agent.  Memo. of Points

25  and Authorities, Dkt. # 42-1, 21: 20 – 23 and 24: 4 – 17.  In their Opposition,

26  Plaintiffs claimed that Verengo cited to "inapplicable <u>California</u> agency law" and that

27  "[n]o such requirement exists under federal common law."  Opposition, Dkt. # 45, 23:

28

**MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERLOCUTORY APPEAL**

1   17 – 26.   Plaintiffs *did not point to any facts* that create a triable issue as to

2   detrimental reliance.  Nor did they suggest that any such facts exist.

3       After briefing on Verengo's Motion for Summary Judgment was completed, the

4   Ninth Circuit noted – contrary to Plaintiffs' argument – that in the context of the

5   TCPA, apparent authority requires a showing of detrimental reliance:

6           "On the assumption that principles of apparent authority and

7           ratification may provide a basis for vicarious liability, we hold that

8           Taco Bell Corp. cannot be held liable on either theory . . . .

9           Thomas has not shown that she *reasonably relied, much less to*

10          *her detriment*, on any apparent authority with which Taco Bell

11          Corp. allegedly cloaked the Chicago Association, ESW, or Ipsh."

12          *Taco Bell*, 2014 WL 2959160 at *2 (emphasis added).

13      If this Court determines that the law on apparent authority in the context of the

14  TCPA is settled due to *Taco Bell*, there will have been a material change in law that is

15  at odds with Plaintiff's position and this Court's Order, and which occurred after

16  briefing was completed on Verengo's Motion for Summary Judgment.

17  Reconsideration is thus proper under L.R. 7-18(a).  Moreover, the Court's Order did

18  not address Verengo's argument that apparent authority requires a showing of

19  detrimental reliance (or facts presented in support of Verengo's argument and

20  Plaintiff's lack of evidentiary support to the contrary).  Verengo therefore also

21  requests reconsideration pursuant to L.R. 7-18(c).

22  **VI.   CONCLUSION.**

23      There is no binding precedent in the Ninth Circuit, and a dispute among district

24  courts, concerning whether courts may consider peripheral conduct when conducting a

25  formal agency analysis, or whether courts may only look to "key decisions" creating

26  liability under the TCPA.  In addition, the Court's ruling is at odds with the Ninth

27  Circuit's determination that detrimental reliance is an element of apparent authority

28  for purposes of the TCPA.  Because both questions will materially advance this

143693.00601/95226675v.6                    16

litigation by ending it, and the parties have yet to engage in merits or class-based discovery, Verengo respectfully urges the Court to certify its October 22nd Order for interlocutory appeal and to stay the proceedings pending resolution of the appeal.

In the alternative, Verengo respectfully requests that the Court reconsider its October 22nd Order on the issue of apparent authority.  Because Plaintiffs did not, and cannot, point to any evidence of detrimental reliance Verengo is entitled to summary judgment on this issue.


DATED:  December 8, 2014          BLANK ROME LLP



                                  By: /s/ Joshua Briones
                                      Joshua Briones
                                      Ana Tagvoryan
                                      Esteban Morales

                                      Attorneys for Defendant
                                      VERENGO INC.