1  Gretchen M. Nelson, CSB #112566
   Email: gnelson@kreindler.com
2  KREINDLER & KREINDLER
3  707 Wilshire Boulevard, Suite 3600
   Los Angeles, California 90017
4  Telephone: (213) 622-6469

5
   [Additional counsel appearing on signature page]
6
7  *Attorneys for Plaintiffs and the Proposed Class*

8              UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10 SHAHAR LUSHE and WILLIAM
   YOUNGBLOOD, individually and on          NO. 2:13-cv-07632 AB RZx
11 behalf of all others similarly situated,
                                            **JOINT STIPULATION**
12                Plaintiffs,               **REGARDING PLAINTIFFS'**
                                            **MOTION TO COMPEL**
13                                          **SUBPOENA COMPLIANCE OF**
14         v.                               **NON-PARTY VELOCIFY, INC.**

15 VERENGO, INC. d/b/a VERENGO              **DISCOVERY MATTER**
   SOLAR,
16                                          Magistrate Judge Ralph Zarefsky
17                Defendant.
                                            Complaint Filed: October 16, 2013
18
                                            DISCOVERY CUTOFF: 08/03/2015
19                                          PRETRIAL CONFERENCE:
20                                             11/16/2015
                                            TRIAL DATE: 12/8/2015
21
                                            Date:        February 22, 2015
22                                          Time:        10:00 a.m.
23                                          Courtroom: 540, Roybal
24

25

26 JOINT STIPULATION REGARDING
   PLAINTIFFS' MOTION TO COMPEL
27 SUBPOENA COMPLIANCE OF NON-
   PARTY VELOCIFY, INC.
   CASE NO. 2:13-cv-7632 AB RZx
   450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTORY STATEMENTS...............................................................1

      A.    Plaintiffs' Introductory Statement..........................................1

II.   SPECIFIC ISSUES IN DISPUTE ...................................................3

III.  PLAINITFFS' POINTS AND AUTHORITIES ........................................12

      A.    Background ........................................................................12

            1.    Verengo Has Previously Produced Class Member
                  Contact Information Subject to the Parties'
                  Protective Agreement.................................................12

            2.    The Subpoena Seeks Information Relevant to the
                  Investigation of Plaintiffs' Claims...........................13

            3.    Verengo Objects to Velocify's Compliance with the
                  Subpoena ...................................................................14

      B.    Velocify Should Be Compelled To Comply With the Subpoena .....15

            1.    Velocify Waived Its Right to Raise Objections to the
                  Subpoena ...................................................................16

            2.    Plaintiffs Are Entitled to Putative Class Member Contact
                  Information.................................................................17

            3.    The Disclosure of Putative Class Member Contact
                  Information Is Routinely Permitted .........................17

            4.    Verengo Has Not Met Its Burden of Establishing that
                  the Contact Information Is Trade Secret..................20

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. – i
CASE NO. 2:13-cv-7632 AB RZx

450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

## TABLE OF AUTHORITIES

2

**Page No.**

3

### FEDERAL CASES

4

5

*Alvarez v. The Hyatt Regency Long Beach,*
   No. CV 09-04791-GAV (VBKx), 2010 WL 9505289

6

   (C.D. Cal. Sept. 21, 2010) ...........................................................................18

7

*Artis v. Deere & Co.,*

8

   276 F.R.D. 348 (N.D. Cal. 2011) ...............................................................19

9

*Baker v. Ensign,*

10

   No. 11-2060, 2014 WL 3058323 (S.D. Cal. July 3, 2014)..........................16

11

*Brown Bag Software v. Symantec Corp.,*

12

   960 F.2d 1465 (9th Cir. 1992) .....................................................................21

13

*Coleman v. Jenny Craig, Inc.,*

14

   No. 11-cv-1301, 2013 WL 2896884 (S.D. Cal. Jun. 12, 2013) ..................18

15

*Gulf Oil Co. v. Bernard,*

16

   452 U.S. 89 (1981)........................................................................................19

17

*Khalilpour v. CELLCO P'ship,*

18

   No. 09 Civ. 2712, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010)................18

19

*McCoy v. Southwest Airlines Co., Inc.,*

20

   211 F.R.D. 381 (C.D. Cal. 2002)................................................................16

21

*Nutratech, Inc. v. Syntech (SSPF) Int'l., Inc.,*

22

   242 F.R.D. 552 (C.D. Cal. 2007)................................................................20

23

*Tomassi v. City of Los Angeles,*

24

   No. 08-1851, 2008 WL 4722393 (C.D. Cal. Oct. 24, 2008).......................18

25

26

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. – ii
CASE NO. 2:13-cv-7632 AB RZx

27

450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Williams v. Chartwell Fin. Servs., Ltd.*,
    204 F.3d 748 (7th Cir. 2000) .........................................................................19

*York v. Starbucks Corp.*,
    No. 08-7919, 2009 WL 3177605 (C.D. Cal. June 30, 2009) ......................18

## STATE CASES

*Puerto v. Wild Oats Markets, Inc.*,
    158 Cal. App. 4th 1242, 70 Cal. Rptr. 3d 701 (2008) ................................19

## FEDERAL RULES

Fed. R. Civ. P. 26(c)(1)(G) .........................................................................20

## STATE STATUTES

Cal. Civ. Code § 3426.1 ..............................................................................20

## OTHER AUTHORITIES

Manual for Complex Litigation (Fourth) § 21.26 (2008) .....................................19

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. – iii
CASE NO. 2:13-cv-7632 AB RZx
450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Pursuant to L.R. 37-2, Plaintiffs[1] hereby submit the following joint stipulation regarding Plaintiffs' Motion to Compel subpoena compliance of Non-Party Velocify, Inc.  The order establishing the initial case schedule and Order re Jury Trial are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, as required by L.R. 37-2.1.  In accordance with Local Rule 37-1, the parties have met and conferred in good faith to resolve their differences on these requests, but have been unable to do so.

## I.  INTRODUCTORY STATEMENTS

### A.    Plaintiffs' Introductory Statement[2]

Plaintiffs Shahar Lushe and William Youngblood allege that Verengo, Inc. d/b/a/ Solar, Inc. ("Verengo"), made automated calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA").  Verengo hires third parties to physically place calls on its behalf and then transfer them to Verengo's

---

[1] Pursuant to the Central District of California L.R. 45-1(b) and 37, on January 23, 2015, Plaintiffs provided counsel for Velocify with Plaintiffs' portion of this Joint Stipulation to Compel Subpoena Compliance of Non-Party Velocify, along with the declaration and exhibits in support.  On January 30, counsel for Velocify contacted counsel for Plaintiffs and said Velocify did not oppose the motion and would not be providing any submission to the Court in response to the Joint Stipulation.  *See* Declaration of Mary B. Reiten in Support of Joint Stipulation Regarding Plaintiffs' Motion to Compel Subpoena Compliance of Non-Party Velocify, Inc. ("Reiten Decl."), ¶ 2.

[2] Plaintiffs have concurrently moved to compel Verengo's compliance with discovery requests that seek the same putative class member contact information. Plaintiffs understand that the data Verengo maintains, and can access itself, the class member contact information they seek in response to the Subpoena. Plaintiffs do not require production from both Velocify and Verengo of duplicate data.  If Verengo agrees, or is compelled, to produce responsive data, Plaintiffs will withdraw duplicate requests from the Subpoena.

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 1
CASE NO. 2:13-cv-7632 AB RZx
450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   call center.  Verengo uses a database provided by Velocify, Inc. ("Velocify"),

2   called Leads360, to manage and store records related to the transferred calls.  The

3   Velocify database maintains information highly relevant to Plaintiffs' claims,

4   including the name and contact information of the parties called, the telephone

5   numbers of the transferred calls, and the third parties that placed the calls.  Because

6   Verengo has consistently resisted Plaintiffs effort to engage in discovery, Plaintiffs

7   subpoenaed Velocify to obtain the relevant data in Leads360.

8       Velocify promised Plaintiffs that it would comply with the subpoena and did

9   not make any timely objections.  Velocify's failure to make timely object waives

10  any objections it may have.  On that basis alone, compliance with the subpoena

11  should be compelled.

12      Velocify subsequently served Plaintiffs with a belated response to the

13  subpoena explaining that it understood <u>Verengo</u> would seek a protective order

14  form the court limiting the scope of the required production.  Velocify agreed to

15  produce documents subject to the outcome of that proceeding.  Velocify thus does

16  not have any independent objections to the subpoena but declines to respond

17  because of Verengo's objections.

18      Verengo filed an ex parte application seeking a protective order in which it

19  sought to prohibit Velocify's disclosure in response to the subpoena.  This Court

20  denied Verengo's ex parte application, recognizing that enforcement of the

21  subpoena depended on a motion to compel.  In Verengo's ex parte application, it

22  explained that it seeks to avoid production to prevent Plaintiffs from contacting

23  potential class members.  Yet, as the weight of authority recognizes, Plaintiffs are

24  entitled to contact class members to investigate their claims and defenses.  Verengo

25  also wrongly contends the contact information constitutes trade secrets.  No

26  JOINT STIPULATION REGARDING
    PLAINTIFFS' MOTION TO COMPEL
27  SUBPOENA COMPLIANCE OF NON-
    PARTY VELOCIFY, INC. - 2
    CASE NO. 2:13-cv-7632 AB RZx
    450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  evidence exists that Verengo meets the showing required to establish the

2  information is a trade secret or that Verengo will suffer harm if the information is

3  disclosed pursuant to the parties' protective agreement.

4       As explained in Plaintiffs' concurrently filed motion to compel Verengo's

5  responses to discovery, Verengo's objections provide no basis to prevent

6  Velocify's compliance with the subpoena.  And Velocify offers no independent

7  objections to the subpoena.  Accordingly, Plaintiffs respectfully request that this

8  Court compel Velocify's compliance with the subpoena.

9  ## II.  SPECIFIC ISSUES IN DISPUTE

10       The specific issues in dispute are contained in Exhibit A to the Subpoena

11  and are outlined as follows:

12

13  **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO VELOCIFY, INC.**

14

15  **EXHIBIT A**

16  **A.   Definitions**

17       The following terms shall have the following meanings for the purpose of

18  this Subpoena:

19       1.   "DOCUMENT" or "DOCUMENTS" as used herein shall refer to all

20  writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or

21  reproduced or archived or stored, within YOUR possession or subject to YOUR

22  control, of which YOU have knowledge or to which YOU now have or previously

23  had access, including all ELECTRONICALLY STORED INFORMATION.

24       2.   "ELECTRONICALLY STORED INFORMATION" ("ESI") as used

25  herein has the same full meaning as set forth in Fed. R. Civ. P. 26 and 34 and the

26  JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-

27  PARTY VELOCIFY, INC. - 3
CASE NO. 2:13-cv-7632 AB RZx

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  case law interpreting Fed. R. Civ. P. 26 and 34 and includes, without limitation, the

2  following:

3        a.    Activity listings of electronic mail receipts and/or transmittals;

4        b.    Output resulting from the use of any software program,

5  including without limitation word processing DOCUMENTS, spreadsheets,

6  database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger

7  (or similar program) or bulletin board programs, operating systems, source code,

8  PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on

9  which they reside and regardless of whether such electronic data exist in an active

10  file, deleted file, or file fragment; and

11        c.    Any and all items stored on computer memories, hard disks,

12  network servers, individual computer workstations or clients, thumb drives, jump

13  drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape,

14  microfiche, or on any other vehicle for digital data storage and/or transmittal,

15  including without limitation a personal digital assistant, smartphone and/or tablet,

16  e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other

17  device.  <u>PLAINTIFFS request that YOU or YOUR counsel confer with</u>

18  <u>PLAINTIFFS' counsel regarding the form of any electronic production before the</u>

19  <u>gathering or processing of ESI.</u>

20      3.    "DATE" means the exact day, month, and year if ascertainable or, if

21  not, the best approximation, including any known relationship to other events.

22      4.    "VELOCIFY" or "YOU" or "YOUR" refers to Velocify, Inc., and

23  includes, without limitations, any offices and locations of VELOCIFY, as well as

24  any of its divisions, affiliates, subsidiaries, successors, predecessors, present or

25  former partners, officers, directors, employees, agents, attorneys or representatives,

26  JOINT STIPULATION REGARDING
    PLAINTIFFS' MOTION TO COMPEL

27  SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 4
CASE NO. 2:13-cv-7632 AB RZx
450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    managers, directors, administrators, officers, executives, agents, contractors,

2    fiduciaries, all employees or other representatives of VELOCIFY.

3        5.    "EPATH" or refers to Webnet Consulting, Inc. d/b/a ePath Media,

4    with the address of 31642 S Coast Hwy, Suite 102, Laguna Beach, CA 92651, and

5    includes, without limitations, any offices and locations of EPATH, as well as any

6    of its divisions, affiliates, subsidiaries, successors, predecessors, present or former

7    partners, officers, directors, employees, agents, attorneys or representatives,

8    managers, directors, administrators, officers, executives, agents, contractors,

9    fiduciaries, all employees, or other representatives of EPATH.

10        6.    "VERENGO" refers to Defendant Verengo, Inc. d/b/a Verengo Solar,

11    with the address of 4811 E Thistle Landing Dr., Suite 100, Phoenix, AZ 85044,

12    and includes, without limitations, any offices and locations of VERENGO as well

13    as any of its divisions, affiliates, subsidiaries, successors, predecessors, present or

14    former partners, officers, directors, employees, agents, attorneys or representatives,

15    managers, directors, administrators, officers, executives, agents, contractors,

16    fiduciaries, all employees or other representatives of VERENGO.

17        7.    "VERENGO CALL" or "VERENGO CALLS" means:

18        a.    Any and all AUTOMATED CALLS made by YOU or caused

19    to be made by YOU, directly or indirectly, or using technology provided by YOU,

20    for VERENGO at any time from October 16, 2009 to the present; and

21        b.    Any and all AUTOMATED CALLS made by YOU or caused

22    to be made by YOU, directly or indirectly, or using technology provided by YOU,

23    for EPATH related to solar product marketing campaigns at any time from October

24    16, 2009 to the present.

25

26    JOINT STIPULATION REGARDING
27    PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 5
CASE NO. 2:13-cv-7632 AB RZx
450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

8.  "COMMUNICATION" or "COMMUNICATIONS" means any instance in which words or information are transferred or transmitted between two or more PERSONS by whatever manner or means, and regardless of how or by whom the COMMUNICATIONS were initiated, including, but not limited to, correspondence, email, conversation, instructions, meetings, requests, demands, and conferences.

9.  "PERSON" or "PERSONS" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

10.  "POLICY" or "POLICIES" means any policy, practice, procedure, directive, routine, rule, guideline, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by YOU, EPATH, and/or VERENGO.

11.  "DATABASE" or "DATABASES" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

12.  "PLAINTIFFS" means Plaintiff Shahar Lushe and Plaintiff William Youngblood.

13.  "AUTOMATIC TELEPHONE DIALING SYSTEM" OR "ATDS" means equipment which has the capacity to store or produce telephone numbers to

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 6
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  be called, using a random or sequential number generator; and to dial such

2  numbers, as defined by 47 U.S.C. § 227(a)(1).

3      14.    "AUTOMATED CALL" or "AUTOMATED CALLS" means a

4  telephone call initiated by using and ATDS or predictive dialer and/or an

5  automated or prerecorded voice.

6      15.    "LEAD" or "LEADS" means the data collected from a consumer who

7  provides contact information, such as first and last name and telephone number.

8      16.    "PROSPECT" or "PROSPECTS" means a live person being

9  transferred to VERENGO'S call center using a dedicated number provided by

10  YOU, EPATH, or VERENGO.

11      17.    VENDOR" means any third party under contract with, hired by,

12  employed by, paid by, or working for YOU to make or assist in making the

13  VERENGO CALLS.

14      18.    All other words shall have their ordinary definition as defined by

15  Merriam-Webster's online dictionary, located at http://www.merriam-

16  webster.com/ (last visited November 7, 2014).

17  **B.    Relevant Time Period**

18      Unless otherwise indicated, the relevant time period for the DOCUMENTS

19  requested below is October 16, 2009 to the present.

20

21

22

23

24

25

26  JOINT STIPULATION REGARDING
27  PLAINTIFFS' MOTION TO COMPEL
   SUBPOENA COMPLIANCE OF NON-
   PARTY VELOCIFY, INC. - 7
   CASE NO. 2:13-cv-7632 AB RZx
   450637

**Terrell Marshall Daudt & Willie PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**C.  Documents to be Produced Related to the VERENGO CALLS**

1.  ALL DOCUMENTS and COMMUNICATIONS, including DATABASES that relate to YOUR records of the VERENGO CALLS, including call detail records, reports, data compilations, recordings, verification, and/or transmission reports.

2.  All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to the sources of the telephone numbers to which the VERENGO CALLS were made (i.e., how did YOU obtain the telephone numbers).

3.  All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to whether the list of telephone numbers to which the VERENGO CALLS were made were "scrubbed" to (1) determine whether they were cellular telephone numbers and to (2) determine whether they were on the National Do-Not-Call Registry.

4.  All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to (1) the number of VERENGO CALLS that were answered by a PERSON; (2) the number of VERENGO CALLS that were answered by a voicemail system or other answering machine or system and a message was left on such system; and (3) the number of VERENGO CALLS that were answered by a voicemail system or other answering machine or system and no message was left on such system.

5.  All DOCUMENTS sufficient to IDENTIFY the system and/or equipment used or provided by YOU to make the VERENGO CALLS and any manuals, instructions, or POLICIES that describe the system and/or equipment.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL SUBPOENA COMPLIANCE OF NON-PARTY VELOCIFY, INC. - 8
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

6.     All DOCUMENTS and COMMUNICATIONS that relate to the scripts or recordings used for the purposes of the VERENGO CALLS, including drafts and previous versions.

7.     Any DOCUMENTS and COMMUNICATIONS that relate to any agreements or contracts with any VENDOR regarding the VERENGO CALLS.

8.     All COMMUNICATIONS between YOU and any VENDOR regarding the VERENGO CALLS and/or the system or equipment provided by YOU to make the VERENGO CALLS.

9.     All DOCUMENTS, COMMUNICATIONS, and/or DATABASES that contain information, including names, addresses, telephone numbers, and/or email addresses, of all PERSONS to whom a VERENGO CALL was made that requested that they be placed on VERENGO'S or YOUR internal Do-Not-Call list, including historical copies of any such DATABASES showing, or which can be used in reconstructing, the history of any such DATABASES.

10.     All complaints concerning the VERENGO CALLS and all DOCUMENTS, COMMUNICATIONS, and DATABASES relating to complaints or that contain information, including names, addresses, telephone numbers, and email addresses of all PERSONS known to have made complaints concerning the VERENGO CALLS, including, but not limited to, complaints submitted to YOU. This request includes, but is not limited to, oral, written, formal, or informal complaints; complaints submitted to any government agency, complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization; or any other organization of any kind.  This request also includes, but is not limited to,

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 9
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  historical copies of any such DATABASES showing, or which can be used in

2  reconstructing, the history of such DATABASES.

3       11.    All DOCUMENTS and COMMUNICATIONS that refer or relate to

4  or comprise YOUR POLICIES for complying with federal, state and local laws,

5  including but not limited to, statutes, administrative rules and regulations, and

6  agency directives regarding the placement of AUTOMATED CALLS.

7  **D.    Documents to be Produced Related to VERENGO**

8       12.    All DOCUMENTS and COMMUNICATIONS that relate to any

9  agreements or contracts with VERENGO regarding the VERENGO CALLS.

10       13.    All COMMUNICATIONS by and between YOU and VERENGO

11  related to the VERENGO CALLS.

12       14.    All DOCUMENTS and COMMUNICATIONS between YOU and

13  VERENGO that relate to the operation of the system and/or equipment used or

14  provided by YOU to VERENGO to make the VERENGO CALLS.

15       15.    All DOCUMENTS and COMMUNICATIONS exchanged with

16  VERENGO that relate to VERENGO'S POLICIES regarding the VERENGO

17  CALLS and/or the system or equipment provided by YOU to VERENGO,

18  including POLICIES for complying with federal, state, and local laws.

19       16.    All DOCUMENTS and COMMUNICATIONS that relate to any

20  indemnification agreements with VERENGO.

21       17.    All COMMUNICATIONS between YOU and VERENGO regarding

22  PLAINTIFFS' claims and/or this lawsuit.

23       18.    All DOCUMENTS and COMMUNICATIONS that relate to financial

24  incentives regarding the VERENGO CALLS and/or the system or equipment

25  provided by YOU to VERENGO.

26  JOINT STIPULATION REGARDING
   PLAINTIFFS' MOTION TO COMPEL
27  SUBPOENA COMPLIANCE OF NON-
   PARTY VELOCIFY, INC. - 10
   CASE NO. 2:13-cv-7632 AB RZx

450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

19.     All DOCUMENTS and COMMUNICATIONS that relate to fees earned by YOU regarding the VERENGO CALLS and/or the system or equipment provided by YOU to VERENGO.

**E.      Documents to be Produced Related to EPATH**

20.     All DOCUMENTS and COMMUNICATIONS that relate to any agreements or contracts with EPATH regarding the VERENGO CALLS.

21.     All COMMUNICATIONS by and between YOU and EPATH related to the VERENGO CALLS.

22.     All DOCUMENTS and COMMUNICATIONS between YOU and EPATH that relate to the operation of the system and/or equipment used or provided by YOU to EPATH to make the VERENGO CALLS.

23.     All DOCUMENTS and COMMUNICATIONS exchanged with EPATH that relate to EPATH'S POLICIES regarding the VERENGO CALLS and/or the system or equipment provided by YOU to EPATH, including POLICIES for complying with federal, state, and local laws.

24.     All DOCUMENTS and COMMUNICATIONS that relate to any indemnification agreements with EPATH.

25.     All COMMUNICATIONS between YOU and EPATH regarding PLAINTIFFS' claims and/or this lawsuit.

26.     All DOCUMENTS and COMMUNICATIONS that relate to financial incentives regarding the VERENGO CALLS and/or the system or equipment provided by YOU to EPATH.

27.     All DOCUMENTS and COMMUNICATIONS that relate to fees earned by YOU regarding the VERENGO CALLS and/or the system or equipment provided by YOU to EPATH.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL SUBPOENA COMPLIANCE OF NON-PARTY VELOCIFY, INC. - 11 CASE NO. 2:13-cv-7632 AB RZx

450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## III.  PLAINITFFS' POINTS AND AUTHORITIES

### A.  Background

> 1.  Verengo Has Previously Produced Class Member Contact Information Subject to the Parties' Protective Agreement

Plaintiffs allege that Verengo violated the TCPA by calling consumers' cellular telephones using an automatic telephone dialing system and an artificial or prerecorded voice without their express prior consent.  *See* Dkt. #32.  Through discovery, Plaintiffs learned that in addition to placing calls itself, Verengo hired third party vendors to physically place and screen calls and then transfer these calls to Verengo.  Reiten Decl. ¶ 3.  Verengo uses Velocify's Leads360 database to manage and store data regarding the calls transferred to its call center.  *See* Declaration of Justin Padilla in Support of Ex Parte Application for Protective Order, Dkt. #91-8 ("Padilla Decl."), ¶ 5.

Plaintiffs have sought class-wide discovery since January 2014.  Reiten Decl. ¶ 4.  On March 4, 2014, the parties agreed to the terms of a proposed protective order.  *See* Dkt. #23.  When the parties submitted the proposed protective order to this Court it declined to issue a blanket protective order, but recognized that the stipulation constitutes a valid agreement ("Protective Agreement").  *See* Dkt. #25.  In response to Plaintiffs' discovery requests, Verengo produced call logs that identify the calls made by its vendors.  Reiten Decl. ¶ 5.  The call logs include the phone number calls, the date and time of the calls, data regarding the calls, and hyperlinks that link to recordings of the calls.  *Id*.  In the recordings, most of the calls identify the called party's name, their phone number, and their address.  *Id*.  Verengo produced the call logs as "HIGHLY

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL SUBPOENA COMPLIANCE OF NON-PARTY VELOCIFY, INC. - 12
CASE NO. 2:13-cv-7632 AB RZx
450637

CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Protective Agreement. *Id.*

2.    The Subpoena Seeks Information Relevant to the Investigation of Plaintiffs' Claims

On November 7, 2014, Plaintiffs provided Verengo with notice of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") and a Subpoena to Testify at a Deposition in a Civil Action ("Deposition Subpoena") on Velocify. *Id.*, Exs. 1-2. On November 11, 2014, Plaintiffs served Velocify with the Subpoena and the Deposition Subpoena. *Id.*, Ex. 3.  The Subpoena requires Velocify to produce all records related to Verengo's calls (e.g., any records reflecting the number of calls made, the contact information of the called parties, and data regarding the calls), information regarding the equipment used to make the calls, and any information regarding Verengo's relationship with Velocify, including contracts, policies, or communications. *Id.*, Ex. 2.  It also requires Velocify to produce records related to its relationship with ePath Media, Inc. ("ePath"), a sub-vendor that physically placed calls. *Id.*

On November 20, 2015, Darian Hong, Velocify's Chief Financial Officer, informed counsel for the Plaintiffs that Velocify's agreement with Verengo required him to provide Verengo with notice of the Subpoena and that he had provided that notice. *Id.* ¶ 9.  He also stated that he understood Verengo may object to the Subpoena. *Id.*  Plaintiffs reviewed the agreement between Verengo and Velocify and, contrary to Verengo's assertions that it forbids production altogether, observed that it required only that Verengo be provided time to object before producing any responsive documents. *Id.* ¶ 10, Ex. 4.  Because Velocify

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 13
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

had provided Verengo with the notice and opportunity to object on November 20, and Verengo had not objected by December 1, Plaintiffs asked Velocify to comply by December 3. *Id*. ¶ 11, Ex. 5.

On December 2, Plaintiffs received correspondence from outside counsel for Velocify stating that Velocify had previously provided Verengo "practical" notice, but it had now provided it with "proper notice under the agreement." *Id.*, Ex. 6. Velocify's counsel further stated that it "intends to comply with its obligation under the subpoenas on the fifth business day following the date of the notice, unless Verengo procures a court order indicating that Velocify is no longer required to do so." *Id.* Plaintiffs asked Velocify to produce documents on December 9 – the fifth day – and it agreed. *Id*. ¶ 13, Ex. 6.

On December 5, Velocify responded to the Subpoena by stating:

> It is Velocify's understanding that Verango [*sic*] will seek a protective order from the Court limiting the scope of any production. Pending the outcome of such proceeding, Velocify will produce responsive, non-privileged, documents consistent with the protective order.

*Id.*, Ex. 7. On December 11, Plaintiffs met and conferred with Velocify regarding its response. *Id.*, Ex. 8. Plaintiffs confirmed that it may move to compel Velocify's compliance. *Id.* To date, Velocify has not complied with the Subpoena. *Id.* ¶ 16.

3.   Verengo Objects to Velocify's Compliance with the Subpoena

On December 16, 2014, Verengo filed a request for ex parte relief requesting that this Court issue a protective order preventing disclosure of its lead data. *See* Ex Parte Application for Protective Order Prohibiting Disclosure of Information

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL SUBPOENA COMPLIANCE OF NON-PARTY VELOCIFY, INC. - 14
CASE NO. 2:13-cv-7632 AB RZx
450637

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Concerning Verengo's Lead Data ("Ex Parte Application"), Dkt. #91.  On December 22, 2014, this Court denied Verengo's request for ex parte relief on the grounds that no irreparable injury loomed.  *See* Dkt. #94.  This Court also required Plaintiffs and Verengo to meet and confer regarding production under the Subpoena.

The parties met and conferred in good faith during a call between counsel on January 6, 2015.  Reiten Decl. ¶ 17.  During the call, Verengo confirmed its objection to production of class-wide contact information because it believes that class member contact information is not relevant and constitutes a trade secret.  *Id.* During the meet and confer, Verengo provided Plaintiffs with no evidence supporting its assertion that class member contact information constitutes trade secrets outside of what it asserted earlier in its ex parte application to the Court. *Id.*  Additionally, during the meet and confer Verengo did not raise an objection to any of the information sought under the Subpoena except to the putative class member contact information.  *Id.*  The parties were unable to resolve the dispute.

**B.   Velocify Should Be Compelled To Comply With the Subpoena**

The sole basis of Velocify's non-compliance is Verengo's objections.  *See id.*, Ex. 7.  Verengo objects to Velocify's compliance because the primary responsive data includes putative class member contact information.  Verengo contends that class member contact information should not be produced because it is irrelevant and constitutes trade secrets.  But, as discussed in detail below, both of these arguments fail.

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 15
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1.   <u>Velocify Waived Its Right to Raise Objections to the Subpoena</u>

Pursuant to Fed. R. Civ. P. 45, Plaintiffs served a valid subpoena on Velocify on November 11, 2014.  The Subpoena's deadline for compliance was November 25, 2014.  Reiten Decl., Ex. 1.  A non-party served with a subpoena may object to the subpoena or move to quash it within 14 days after service or before the time specified for compliance, whichever is earlier.  *Baker v. Ensign*, No. 11-2060, 2014 WL 3058323, at *6 (S.D. Cal. July 3, 2014).  A non-party's failure to timely make timely objections "generally <u>requires</u> the court to find that any objection has been waived."  *Id* (emphasis added); *McCoy v. Southwest Airlines Co., Inc.,* 211 F.R.D. 381, 384 (C.D. Cal. 2002) (recognizing that the "[f]ailure to serve timely objections waives all grounds for objection" except in unusual circumstances).

Velocify did not timely respond to the Subpoena by November 25 with either an objection or a motion to quash.  *See* Reiten Decl. ¶ 11, Ex. 5.  Nor did Verengo.  To the contrary, rather than object, Velocify informed Plaintiffs that it would comply.  Reiten Decl., ¶ 13.  And when Velocify belatedly provided Plaintiffs with a response to the Subpoena, it still did not object.  Instead, Velocify stated that it understood Verengo would seek an order from the court limiting the scope of production and that it "<u>will produce</u> responsive, non-privileged, documents consistent with the protective order."  *Id.*, Ex. 7.  Thus, Velocify did not object to producing any documents in response to the Subpoena.  To the extent Velocify's response reflecting Verengo's position constitutes an objection, its failure to timely assert this objection renders it waived.  *McCoy*, 211 F.R.D. at 384.

With regard to the information sought other than putative class member contact information (such as records reflecting the number of calls made,

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

information regarding the equipment used to make the calls, and any information regarding Verengo's relationship with Velocify or ePath) no valid objections exist. Accordingly, Plaintiffs respectfully request that Velocify be compelled to produce these responsive documents and data.

2.  Plaintiffs Are Entitled to Putative Class Member Contact Information[3]

Verengo objects to the production of putative class member contact information on the grounds that it is irrelevant and constitutes trade secrets. Both of these arguments fail. As discussed in detail below, the contact information is relevant to establish the elements of class certification and to rebut Verengo's affirmative defenses. And Verengo does not establish that it qualifies as trade secret. Nor can it establish that it will suffer harm from disclosure of class member contact information when it previously disclosed a sample of that information to Plaintiffs without suffering any harm.

3.  The Disclosure of Putative Class Member Contact Information Is Routinely Permitted

Verengo argues that Plaintiffs are not entitled to class member contact information because it is irrelevant. In its Ex Parte Application, Verengo also asserted that Plaintiffs cannot obtain class member information "until they succeed

---

[3] The arguments regarding Plaintiffs' entitlement to putative class member contact information included herein are duplicative of Plaintiffs' arguments contained in the concurrently filed Joint Stipulation Regarding Plaintiffs' Motion to Compel Verengo's Compliance with Discovery. The basis of Verengo's objection to producing the putative class member contact information in response to the Subpoena is identical to its objections to producing it in response to Plaintiffs' discovery requests.

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 17
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   in certifying a class" because they may use that information to find new plaintiffs.

2   *See* Dkt. # 91 at 10:10-11; 11-3-14.  Verengo is wrong.

3       Courts recognize a "general rule" that "all parties are entitled to equal access

4   to persons who potentially have an interest in or relevant knowledge of the subject

5   of the action, but who are not yet parties."  *Coleman v. Jenny Craig, Inc.*, No. 11-

6   cv-1301, 2013 WL 2896884, at *7 (S.D. Cal. Jun. 12, 2013) (citation omitted)

7   (finding that "discovery of the contact information of putative class members is

8   routinely allowed" and listing cases in accord).  Indeed, Courts routinely find that

9   Plaintiffs are entitled to putative class member contact information before class

10  certification.  *See, e.g.*, *Tomassi v. City of Los Angeles*, No. 08-1851, 2008 WL

11  4722393, at *3 (C.D. Cal. Oct. 24, 2008) (ordering defendants to disclose the

12  contact information of potential class members, noting that defendants' privacy

13  "argument has been squarely rejected by numerous courts who have balanced the

14  infringement of potential class members' privacy against the representative

15  plaintiff's need for the information"); *York v. Starbucks Corp.*, No. 08-7919, 2009

16  WL 3177605, at *1 (C.D. Cal. June 30, 2009) (holding that potential class

17  members' "right to privacy must yield to Plaintiff's efforts to pursue her claims

18  (and, perhaps, ultimately, [their] claims) against Defendant"); *Alvarez v. The Hyatt*

19  *Regency Long Beach*, No. CV 09-04791-GAV (VBKx), 2010 WL 9505289, at *3

20  (C.D. Cal. Sept. 21, 2010) (compelling disclosure of full name, last known

21  addresses, and telephone numbers for potential class members and finding that

22  "federal courts…routinely overcome objections as to privacy interests when

23  balanced against reasonable discovery needs"); *Khalilpour v. CELLCO P'ship*, No.

24  09 Civ. 2712, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (ordering

25  precertification disclosure of names, addresses, and telephone numbers of

26  JOINT STIPULATION REGARDING
    PLAINTIFFS' MOTION TO COMPEL
27  SUBPOENA COMPLIANCE OF NON-
    PARTY VELOCIFY, INC. - 18
    CASE NO. 2:13-cv-7632 AB RZx
    450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    purchasers of defendant's product).  As these cases recognize, the "[t]he disclosure

2    of names, addresses, and telephone numbers is a <u>common practice in the class</u>

3    <u>action context</u>."  *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011)

4    (emphasis added).

5         Plaintiffs seek potential class members' contact information so that they can

6    investigate their claims.  For example, by interviewing class members Plaintiffs

7    can confirm that Verengo engaged in a common course of conduct of making

8    automated calls to prospective customers.  Additionally, Verengo has raised the

9    issue of prior express consent as an affirmative defense, and Plaintiffs are entitled

10   to confirm that no such consent was obtained by speaking with putative class

11   members.

12        Plaintiffs' counsel also may need to add a class representative if, for some

13   reason, either Plaintiff is or becomes inadequate.  The ability to communicate in

14   this manner is often essential to prosecuting class claims.  *See* Manual for Complex

15   Litigation (Fourth) § 21.26, at 381 (2008) (explaining if a class representative is

16   found inadequate, "courts generally allow class counsel time to make reasonable

17   efforts to recruit and identify a new representative who meets the Rule 23(a)

18   requirements"); *see also Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759

19   (7th Cir. 2000) ("plaintiffs have a right to contact members of the putative class");

20   *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981) (recognizing the importance

21   of plaintiff's ability to communicate with potential class members).

22        Further, class members on their own may ask to be added as class

23   representatives.  *See Puerto v. Wild Oats Markets, Inc.*, 158 Cal. App. 4th 1242,

24   1253, 70 Cal. Rptr. 3d 701 (2008) (finding proposed class members "may

25   reasonably be supposed to want their information disclosed to counsel whose

26   JOINT STIPULATION REGARDING
     PLAINTIFFS' MOTION TO COMPEL
27   SUBPOENA COMPLIANCE OF NON-
     PARTY VELOCIFY, INC. - 19
     CASE NO. 2:13-cv-7632 AB RZx

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

communications in the course of investigating the [class] claims . . . may alert them
to similar claims they may be able to assert").  "Provided that counsel observes
ethical rules in interactions with prospective witnesses" communications that
inform class members of their rights are "laudable."  *See id.*  Simply put, Plaintiffs
seek information well within the scope of legitimate discovery.

As the overwhelming weight of authority recognizes that disclosure of
identifying class information, including names and contact information is
appropriate pre-certification class discovery, Plaintiffs respectfully request this
Court compel Velocify's compliance with the Subpoena, including production of
putative class member contact information.

4.   <u>Verengo Has Not Met Its Burden of Establishing that the Contact
Information Is Trade Secret</u>

In its Ex Parte Application, Verengo asserts that class member contact
information contains trade secret information that warrants protection.  To
establish that Plaintiffs are not entitled to production on this basis, Verengo must
establish that the information is trade secret and that its disclosure will be harmful
to its interest.  *See* Fed. R. Civ. P. 26(c)(1)(G); *Nutratech, Inc. v. Syntech (SSPF)
Int'l., Inc.*, 242 F.R.D. 552, 557 (C.D. Cal. 2007).   In California, trade secrets are
governed by the Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*  To
show that the information is trade secret, Verengo must establish that it "derives
independent economic value, actual or potential, from not being generally known
to the public…" and "is the subject of efforts that are reasonable under the
circumstances to maintain its secrecy"  Cal. Civ. Code § 3426.1.  If Verengo
meets this burden, Plaintiffs then must establish that the information sought is
relevant to their claims or defenses and necessary to prepare their case.  *Id.*  The

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 20
CASE NO. 2:13-cv-7632 AB RZx
450637

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    court balances the risk of disclosure of trade secrets against the risk that failure to

2    disclose will impair Plaintiffs' ability to prosecute their claims. *See Brown Bag*

3    *Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

4        To date, Verengo has provided no evidence that the contact information

5    Plaintiffs seek qualifies as a trade secret. *See generally* Padilla Decl.; Reiten Decl.

6    ¶ 17.  Rather, Verengo argues in conclusory fashion that the information is "critical

7    to its economic wellbeing." *See* Padilla Decl. ¶ 6.  But this generalized claim does

8    not establish how or why customer contact information provides Verengo with

9    independent economic value.  And Verengo did not provide <u>any</u> support for its

10   claim that non-customers (i.e. those calls transferred that did not purchase a solar

11   system from Verengo) generate economic value. *See* Padilla Decl.; Reiten Decl.

12   ¶ 17.

13       Even if the class member contact information does constitute a trade secret,

14   Verengo can articulate no particularized harm it will suffer in disclosing contact

15   information to Plaintiffs where a Protective Agreement exists. *See* Protective

16   Agreement, Dkt. #23.  To the contrary, Verengo has previously produced call logs

17   that disclosed the called parties' phone numbers, names, and contact information

18   pursuant to the parties Protective Agreement without suffering any purported harm.

19   Reiten Decl. ¶ 5.  Verengo <u>cannot</u> establish such harm where it has previously

20   produced the very same information in the call log format and the Protective

21   Agreement protects the consumer's privacy.

22

23

24

25

26   JOINT STIPULATION REGARDING
     PLAINTIFFS' MOTION TO COMPEL
27   SUBPOENA COMPLIANCE OF NON-
     PARTY VELOCIFY, INC. - 21
     CASE NO. 2:13-cv-7632 AB RZx

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   In contrast, Plaintiffs have a substantial need for the records because they

2   directly relate to their alleged claims and the defenses raised by Verengo.  For

3   example, the records may help establish the ascertainability of the classes proposed

4   by Plaintiffs; establish that potential class members were subjected to a common

5   course of treatment; and that Verengo did not have an established business

6   relationship with or obtain prior express consent to contact the called parties.

7   Plaintiffs have no other means of accessing this information.  Plaintiffs thus

8   respectfully request this Court compel Velocify's compliance with the Subpoena,

9   including production of putative class member contact information.

10          RESPECTFULLY SUBMITTED AND DATED this 2nd day of February,

11   2015.

12                          TERRELL MARSHALL DAUDT
13                              & WILLIE PLLC

14
                          By:  /s/ Beth E. Terrell, CSB #178181
15                               Beth E. Terrell, CSB #178181
16                               Email:  bterrell@tmdwlaw.com
                                 Michael D. Daudt, CSB #161575
17                               Email:  mdaudt@tmdwlaw.com
18                               Mary B. Reiten, CSB #203142
                                 Email:  mreiten@tmdwlaw.com
19                               Adrienne D. McEntee, *Admitted Pro Hac Vice*
20                               Email:  amcentee@tmdwlaw.com
                                 Whitney B. Stark, CSB #234863
21                               Email:  wstark@tmdwlaw.com
22                               936 North 34th Street, Suite 300
                                 Seattle, Washington 98103
23                               Telephone:  (206) 816-6603
24                               Facsimile: (206) 350-3528

25

26   JOINT STIPULATION REGARDING
     PLAINTIFFS' MOTION TO COMPEL
27   SUBPOENA COMPLIANCE OF NON-
     PARTY VELOCIFY, INC. - 22
     CASE NO. 2:13-cv-7632 AB RZx
     450637

1
2
3
4
5

Gretchen M. Nelson, CSB #112566
Email:  gnelson@kreindler.com
KREINDLER & KREINDLER
707 Wilshire Boulevard, Suite 3600
Los Angeles, California 90017
Telephone:  (213) 622-6469
Facsimile:  (213) 622-6019

6

*Attorneys for Plaintiffs and the Proposed Class*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 23
CASE NO. 2:13-cv-7632 AB RZx

450637

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on February 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Joshua M. Briones, CSB #205293
> Email:  jbriones@blankrome.com
> Ana Tagvoryan, CSB #246536
> Email:  atagvoryan@blankrome.com
> Esteban Morales, CSB #273948
> Email:  emorales@blankrome.com
> Shona Brockway
> Email:  sbrockway@blankrome.com
> BLANK ROME LLP
> 2029 Century Park East, 6th Floor
> Los Angeles, California 90067
> Telephone:  (424) 239-3400
> Facsimile:  (424) 239-3434

> *Attorneys for Defendant*

DATED this 2nd day of February, 2015.

> TERRELL MARSHALL DAUDT
> & WILLIE PLLC
>
>
> By:  /s/ Beth E. Terrell, CSB 178181
> Beth E. Terrell, CSB #178181
> Email:  bterrell@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington  98103-8869
> Telephone:  (206) 816-6603
> Facsimile:  (206) 350-3528
>
> *Attorneys for Plaintiffs and the Proposed Class*

JOINT STIPULATION REGARDING
PLAINTIFFS' MOTION TO COMPEL
SUBPOENA COMPLIANCE OF NON-
PARTY VELOCIFY, INC. - 24
CASE NO. 2:13-cv-7632 AB RZx

450637