UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHAR LUSHE and WILLIAM YOUNGBLOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERENGO, INC. d/b/a VERENGO SOLAR,<br><br>Defendant. | Case No. CV-13-07632 AB (RZx)<br><br>**ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS** |

Before the court is Plaintffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class. (Dkt. No. 128.) The Court finds the matter appropriate for resolution without oral argument and therefore **VACATES** the hearing set for December 28, 2015. *See* Federal Rule of Civil Procedure 78(b) and Local Rule 7-15. For the following reasons, the court **GRANTS** the motion.

WHEREAS, a putative class action is pending in this Court entitled *Lushe, et al. v. Verengo, Inc.*, Case No. NO. 2:13-cv-07632 AB RZx (the "Action");

1.

1  WHEREAS, the Parties to the Action have agreed, subject to Court approval
2  following notice to the proposed Settlement Class (as described in Paragraph 6 below)
3  and a hearing, to settle this Action upon the terms and conditions set forth in the
4  settlement agreement lodged with this Court (the "Agreement");
5  WHEREAS, this Court has reviewed the Agreement, as well as the files,
6  records and proceedings to date in this matter;
7  WHEREAS, for purposes of this Order, capitalized terms used below shall have
8  the meaning ascribed to them in the Agreement, unless otherwise defined; and
9  WHEREAS, for purposes of the Action, this Court has subject matter and
10  personal jurisdiction over the Parties, including all Settlement Class Members.
11  NOW, THEREFORE, based on this Court's review of the Agreement and all of
12  the files, records, and proceedings herein, the Court concludes, upon preliminary
13  examination, that the Agreement and Settlement appear fair, reasonable, and adequate,
14  and within the range of reasonableness for preliminary settlement approval, and that a
15  hearing should and will be held after notice to the Settlement Class to confirm that the
16  Agreement and Settlement are fair, reasonable and adequate and to determine whether
17  the Settlement should be approved and final judgment entered in the Action based
18  upon the Agreement.
19  **IT IS HEREBY ORDERED THAT:**
20  1.  <u>Preliminary Approval of Proposed Settlement</u>.  The Agreement,
21  including all exhibits thereto, is preliminarily approved as fair, reasonable and
22  adequate and within the range of reasonableness for preliminary settlement approval.
23  The Court finds that:  (a) the Agreement resulted from extensive arm's length
24  negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to
25  persons in the Settlement Class and a full hearing on the approval of the Settlement.
26  2.  <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal
27  Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement
28  purposes only, the following Settlement Class:

> All persons to whom, on or after October 16, 2009 through the date of Preliminary Approval, Verengo or any of its affiliates or subsidiaries, or any entity acting on its behalf, or any entity contracted to provide leads to Verengo, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, to a residential line using an artificial or prerecorded voice, or to a telephone number registered on the National Do-Not-Call registry, without the consent of such person. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    c. Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

    d. Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    e. For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

     f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

  3. <u>Class Representatives</u>.  Plaintiffs are designated as class representatives for the Settlement Class.

  4. <u>Class Counsel</u>.  The Court appoints Terrell Marshall Law Group PLLC as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

  5. <u>Settlement Hearing</u>.  A final approval hearing (the "Settlement Hearing") shall be held before the Honorable André Birotte Jr. **on Monday May 2, 2016, at 10:00 a.m.,** as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive awards to Plaintiffs, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth herein.  The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

  6. <u>Class Notice</u>.  Class Notice shall be sent no later than **Wednesday January 20, 2016.**

     a. <u>E-mail or Mail Notice</u>.  The Claims Administrator will send the Email Notice to persons in the Settlement Class for whom Verengo possesses an email address.  The Claims Administrator will provide mail notice to the persons in the Settlement Class for whom Verengo possesses a mailing address but not an email address.  Mail Notice will be sent via direct mail to the most recent

        mailing address as reflected in reasonably available computerized account records of Verengo or its vendors.

    b. <u>Publication Notice</u>. The Claims Administrator will publish a notice of the Settlement in targeted internet advertisements/impressions.

    c. <u>Settlement Website</u>. The Claims Administrator will establish and maintain a website using a domain name dedicated to the Settlement on which will be posted the Amended Class Action Complaint, Mail Notice, Claim Form, and other settlement-related documents. The E-mail and Mail Notice and Publication Notice shall direct recipients to the location of the Settlement Website. The website shall also provide for online submission of Claim Forms. The Settlement web page will be established no later than the Notice Deadline and shall remain active at least until the date of the Final Approval Hearing and through the end of the Claim Period.

7. <u>Findings Concerning Class Notice</u>. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the Notices in substantially the same form as those attached as Exhibits A, C, E and F to the Settlement Agreement.

8. <u>Administration</u>. The Claim Form and the claims submission process described in the Agreement are hereby approved. In addition, the Court confirms that Verengo, or its vendors, have provided the information necessary to provide the notice

contemplated herein and to administer the settlement, including names, addresses, email addresses, and telephone numbers.

9. <u>Deadline for Class Members to Submit Claims</u>: Class members shall submit claims no later than **Monday, Mach 21, 2016.**

10. <u>Exclusion from the Settlement Class</u>.

    a. Persons in the Settlement Class can opt out of the class and the settlement by sending a written request to a designated address **no later than Monday, March 21, 2016.** All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

    b. Exclusion requests must be signed and include the following statement: "I/we request to be excluded from the class settlement in *Lushe, et al. v. Verengo*, Case No. 2:13-CV-07632 AB RZx."

    c. The Claims Administrator will retain a copy of all requests for exclusion. Not later than **Monday, April 18, 2016**, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

11. <u>Objections And Appearances</u>.

    a. Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

    b. In order to be heard at the hearing, the person must make any objection in writing and file it with the Court no later than **Monday, March 21, 2016**. Any objections that are not timely filed and mailed shall be forever barred.

   c. In order to be heard at the hearing, the person also must file with the Court and serve on all Parties a Notice of Intention to Appear with the Court.

 12. <u>Class Counsel's Fee Motion.</u> Class counsel must file their motion for attorneys' fees no later than **Monday, February 21, 2016**.

 13. <u>Further Papers In Support Of Settlement.</u> The parties must file their brief seeking final approval of the settlement and respond to objections no later than **Monday, April 18, 2016**.

 14. <u>Effect of Failure to Approve the Agreement.</u> In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

  a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

  b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Verengo for the matters alleged in the Actions or for any other purpose;

  c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Verengo or Plaintiffs on any point of fact or law.

 15. <u>Stay/Bar Of Other Proceedings.</u> All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be

approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

16. The deadlines set forth above are summarized in this table:

| ACTION | DEADLINE |
| --- | --- |
| Claims Administrator to Give Notice | Wednesday January 20, 2016 |
| Class Counsel to file their Motion for Attorneys Fees | Monday February 21, 2016 |
| Potential Class Members to Opt-Out of the Class or File Objections to the Settlement | Monday March 21, 2016 |
| Class Members to Submit Claims | Monday March 21, 2016 |
| Parties to File Motion Seeking Final Approval of Class Action Settlement and Response to Objections; Claims Administrator to file Declaration Identifying Opt-Outs | Monday April 18, 2016 |
| Hearing on Motion Seeking Final Approval of Class Action Settlement | Monday May 2, 2016, at 10:00 a.m. |

Dated: December 21, 2015  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

8.